**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**21-SCCV-093653**
**JBH**
**DEC 08, 2021 03:47 PM**

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

**IN THE STATE COURT OF BIBB COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| CYNTHIA CORNELIUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION** |
| | ) | |
| IULIYAN DAMYAN, DAMYAN'S | ) | **FILE NO. _____** |
| CONSTRUCTION, LLC, and FEDERATED | ) | |
| MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT FOR NEGLIGENCE

**COMES NOW CYNTHIA CORNELIUS**, Plaintiff in the above-styled action, and files

this Complaint for Negligence against **IULIYAN DAMYAN, DAMYAN'S**

**CONSTRUCTION, LLC, and FEDERATED MUTUAL INSURANCE COMPANY,**

Defendants, and shows the Court as follows:

1.

Plaintiff CYNTHIA CORNELIUS (hereinafter referred to as "Plaintiff") is a resident of

Bibb County, Georgia.

2.

Defendant IULIYAN DAMYAN (hereinafter referred to as "Defendant Damyan")

resides at 9598 Ann Lane, Hopkins, Minnesota 55305-4615.

3.

Defendant Damyan is subject to the jurisdiction and venue of this Court pursuant to the

Nonresident Motorist Act (O.C.G.A. § 40-12-3) and may be served through the Secretary of

State for the State of Georgia and through notice to this defendant as is required by O.C.G.A. §

40-12-2.

1

4.

Defendant Damyan is subject to the venue and jurisdiction of this Court.

5.

Defendant Damyan has been properly served with process in this action.

6.

Defendant DAMYAN'S CONSTRUCTION, LLC (hereinafter referred to as "Defendant Damyan's Construction") is a foreign corporation doing business as an intrastate motor carrier with its principal place of business at 3651 Robin Lane, Minnetonka, Minnesota 55305.

7.

At all times pertinent to this action, Defendant Damyan's Construction was actively engaged in business as a motor common carrier or as a motor contract carrier operating under USDOT number 2402455.

8.

Defendant Damyan's Construction may be served by and through its manager, Ilya Damyan, 6040 Cajed Lane, Shorewood, Minnesota 55331.

9.

Defendant Damyan's Construction is subject to the venue and jurisdiction of this Court.

10.

Defendant Damyan's Construction has been properly served with process in this action.

11.

Defendant FEDERATED MUTUAL INSURANCE COMPANY (hereinafter referred to as "Defendant Federated Mutual") is a foreign insurance company incorporated under the laws of a state other than the State of Georgia with its primary place of business located at 121 East Park Square, Owatonna, Minnesota 55060.

2

12.

Defendant Federated Mutual is an insurance company incorporated under the laws of a state other than the State of Georgia and is authorized to do business in the State of Georgia with a registered agent upon whom service may be perfected, to-wit, David Holcomb, c/o Registered Agent Solutions, Inc., 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Fulton County, Georgia 30076.

13.

Defendant Federated Mutual is subject to the venue and jurisdiction of this Court pursuant to O.C.G.A. § 40-2-140.

14.

Defendant Federated Mutual is named as a Defendant in this case by virtue of the fact that it issued a policy of indemnity insurance to Defendant Damyan's Construction.  The policy that was in full force and effect on December 13, 2019 is more specifically identified by policy number 6080769.

15.

As a policy of indemnity insurance is given in lieu of bond, it shall be permissible to join the motor carrier and the insurance carrier in the same action, whether arising in tort or contract pursuant to O.C.G.A. § 46-7-12 (e).

16.

Defendant Federated Mutual is not a joint tortfeasor.  Defendant Federated Mutual is liable to the Plaintiff and joined by virtue of its contractual obligation to pay for the negligence of its insured, Defendant Damyan's Construction, and the agents, representatives, officers, employees, drivers, and servants of Defendant Damyan's Construction.

17.

Defendant Federated Mutual has been properly served with process in this action.

18.

On or about December 13, 2019, at approximately 11:00 P.M., Plaintiff was traveling southbound in a 2009 Acura TL on Interstate 75 at mile marker 199 in the left lane in Lamar County, Georgia when the collision at issue in this Complaint occurred.

19.

On the above-mentioned date, and at the same time, Defendant Damyan was driving a 2011 GMC Sierra also traveling southbound in Interstate 75 at mile marker 199 on the center lane of travel. when the collision at issue in this Complaint occurred.

20.

Defendant Damyan failed to maintain his lane of travel and struck the passenger's side of Plaintiff's vehicle.

21.

Defendant. Damyan did not stop after striking Plaintiff's vehicle and had to be signaled to move off the roadway to stop for the collision.

22.

The impact to Plaintiff's vehicle caused her to sustain various personal injuries.

23.

Defendant Damyan's acts of negligence include, but are not limited to, one or more of the following: O.C.G.A. § 40-6-48, Failing to Maintain Lane, and O.C.G.A. § 40-6-241, Failing to Exercise Due Care, both of which constitute negligence *per se*.

24.

The actions of Defendant Damyan show such willful misconduct, wantonness and the entire want of care, which raises the presumption of conscious indifference to the consequences as contemplated under O.C.G.A. § 51-12-5.1 so as to authorize the award of punitive damages in this case, for which Plaintiff is entitled to recover.

25.

Plaintiff was not negligent and did not contribute to the cause of the collision.

26.

Defendant Damyan failed to operate his vehicle with the due care exercised by individuals in like or similar circumstances and operated his vehicle in a manner showing disregard for the safety of others, including Plaintiff.

27.

Defendant Damyan's actions constituted negligence in operating the vehicle contrary to the reasonable and safe conditions and circumstances then existing.

28.

Defendant Damyan's actions constituted negligence by engaging in a driving manner which was ill-timed and improper, causing danger, injuries, damages, losses, physical pain and emotional distress to Plaintiff.

29.

At all times relevant hereto, Plaintiff acted with reasonable care under the conditions and circumstances then existing and Plaintiff was driving in a lawful manner and exercising due care for his own safety.

30.

Defendant Damyan failed to adhere to pertinent aspects of Georgia motor vehicle laws and regulations.

31.

At all times herein alleged, the 2011 GMC Sierra owned by Defendant Damyan's Construction was being operated by Defendant Damyan, as agent, servant, and/or employee of Defendant Damyan's Construction.

32.

At all times herein alleged, Defendant Damyan was in the employ of Defendant Damyan's Construction, and the acts complained of herein were committed by Defendant Damyan in the prosecution of the business of Defendant Damyan's Construction and within the scope of the employment and authority of Defendant Damyan's Construction so that Defendant Damyan's Construction is liable therefore.

33.

The actions and omissions of Defendant Damyan herein alleged were negligent and Defendants Damyan's Construction and Federated Mutual are liable for said negligence.

34.

Defendant Damyan's Construction was negligent in the hiring and supervision of Defendant Damyan when it knew, or in the exercise of ordinary care should have known that Defendant Damyan was engaging in unsafe driving habits, presenting a clear and continuous danger to fellow motorists.

35.

Defendant Damyan's Construction is therefore liable for negligent hiring, retention, and entrustment.

36.

At all times pertinent hereto, Defendant Federated Mutual provided liability insurance to Defendant Damyan's Construction and stands as security for the protection of the public against injury for which its insured, Defendant Damyan's Construction, might be liable as provided by applicable Georgia law.   Therefore, Defendant Federated Mutual is liable for the negligent conduct of its insured and its agents and employees.

37.

Defendants are negligent for all other acts of negligence as may be shown at trial.

38.

The injuries sustained by Plaintiff were the direct and proximate result of the negligence of Defendants.

39.

But for the negligence of Defendants, Plaintiff would not have suffered physical injuries, physical pain, mental and psychological suffering, and other injuries and damages as listed below:

a)      Cervical disc displacement (C3-7);
b)      Cervical radiculopathy;
c)      Lumbar radiculopathy;
d)      Lumbosacral radiculopathy;
e)      Cervicalgia; and
f)      Low back pain.

40.

As a direct and proximate result of Defendants' negligence, Plaintiff has incurred, and may continue to incur, medical expenses from her injuries from providers in the amounts listed below:

| Provider | Specialty | Cost |
|---|---|---|
| Coliseum Northside Hospital | Hospital | $1,148.00 |
| ACS Primary Care Physicians SE | ER Physician | $540.00 |
| Radiology Associates of Macon | Diagnostic | $32.00 |
| Resurgens Orthopaedics | Orthopedics | $1,935.09 |
| Total Health and Injury Specialist | Chiropractic | $3,380.00 |
| Allegiance Imaging and Radiology | Diagnostic | $3,600.00 |
| Summit Spine & Joint Centers (Georgia Pain and Wellness Center) | Pain Management | $18,321.00 |
| **Total Medical Expenses:** | | **$28,956.09** |

41.

As a direct and proximate result of Defendants' negligence, Plaintiff has incurred lost wages in the amount of $16,760.00.

42.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law. Plaintiff states her intention to seek all compensatory, special, economic, consequential, general, and all other damages permissible under Georgia Law, including, but not limited to:

    a) Personal injuries;
    b) Past, present and future pain and suffering;
    c) Disability;
    d) Mental anguish;
    e) Loss of capacity for the enjoyment of life;
    f) Incidental expenses;
    g) Past, present and future medical expenses;
    h) Lost wages;
    i) Permanent injuries; and
    j) Consequential damages to be proven at trial.

43.

Defendants are liable for Plaintiff's injuries sustained, pain and suffering, cost of treatment and all other elements of damages allowed under the laws of the State of Georgia.

44.

Plaintiff is entitled to request attorney's fees and the expenses of litigation in that the actions on the part of the Defendants as herein above described show that Defendants acted in bad faith in the transactions and dealings surrounding the herein above described incident. Defendants' actions have caused Plaintiff unnecessary expense so as to entitle Plaintiff to the expenses of litigation and attorney's fees as defined by O.C.G.A. § 13-6-11. Defendants have acted in bad faith and have forced Plaintiff to file this lawsuit in order to receive compensation for her injuries.

WHEREFORE, Plaintiff prays for the following relief:

1)     That process issue requiring Defendants to answer according to law;

2)     Plaintiff be awarded actual damages in amounts to be shown at trial from Defendants;

3)     Plaintiff be awarded all general, special, compensatory, economic, punitive and other allowable damages from Defendants and as permitted under Georgia law;

4)     Plaintiff be awarded a trial by jury; and

5)     Plaintiff have such other relief as this Court deems just and appropriate under the circumstances.

TRIAL BY JURY IS HEREBY DEMANDED.

This 8th day of December, 2021.

JOHN P. WEBB
Georgia State Bar No. 744349
Attorney for Plaintiff

**SMITH, WELCH, WEBB & WHITE, LLC**
280 Country Club Drive, Suite 300
Stockbridge, Georgia 30281
(770) 389-4864 (phone)
jwebb@smithwelchlaw.com

**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**21-SCCV-093653**
JBH
DEC 08, 2021 03:47 PM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

**IN THE STATE COURT OF BIBB COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| CYNTHIA CORNELIUS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL ACTION** |
| | ) | |
| IULIYAN DAMYAN, DAMYAN'S | ) | **FILE NO. _____** |
| CONSTRUCTION, LLC, and FEDERATED | ) | |
| MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| **Defendants.** | ) | |

## RULE 5.2 CERTIFICATE

I, John P. Webb, counsel for Plaintiff in the above-styled action, pursuant to U.S.C.R. 5.2(2), hereby certify that I did serve all parties with **Plaintiff's First Interrogatories, Request for Production of Documents and Request for Admissions to Defendant Iuliyan Damyan, Plaintiff's First Interrogatories, Request for Production of Documents and Request for Admissions to Defendant Damyan's Construction, LLC, Plaintiff's First Interrogatories, Request for Production of Documents and Request for Admissions to Defendant Federated Mutual Insurance Company,** and **Plaintiff's First Interrogatories, Request for Production of Documents and Request for Admissions to Unnamed Defendant Progressive Premier Insurance Company of Illinois** by delivering same to the respective Sheriff's Offices or process server for service with the Summons and Complaint for Negligence.

This 8ᵗʰ day of December, 2021.

Respectfully submitted,

JOHN P. WEBB
Georgia State Bar No. 744349
Attorney for Plaintiff

**SMITH, WELCH, WEBB & WHITE, LLC**
280 Country Club Drive, Suite 300
Stockbridge, Georgia 30281
Phone: (770) 389-4864
Fax: (770) 389-5193
jwebb@smithwelchlaw.com

{Doc: 02911042.DOCX}

# STATE COURT OF BIBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER   21-SCCV-093653

CORNELIUS , CYNTHIA

**PLAINTIFF**

**VS.**

DAMYAN , IULIYAN
DAMYAN'S CONSTRUCTION, LLC
FEDERATED MUTUAL INSURANCE
COMPANY

**DEFENDANTS**

## SUMMONS

TO: DAMYAN , IULIYAN

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **John P Webb**
> **Smith, Welch, Webb & White, LLC**
> **280 Country Club Drive**
> **Suite 300**
> **Stockbridge, Georgia 30281**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 8th day of December, 2021.**

Clerk of State Court

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

Page 1 of 1

# STATE COURT OF BIBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER  <u>21-SCCV-093653</u>

CORNELIUS , CYNTHIA

_____

**PLAINTIFF**

**VS.**

DAMYAN , IULIYAN
DAMYAN'S CONSTRUCTION, LLC
FEDERATED MUTUAL INSURANCE
COMPANY

_____

**DEFENDANTS**

**SUMMONS**

TO: DAMYAN'S CONSTRUCTION, LLC

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **John P Webb**
> **Smith, Welch, Webb & White, LLC**
> **280 Country Club Drive**
> **Suite 300**
> **Stockbridge, Georgia 30281**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 8th day of December, 2021.**

Clerk of State Court

_____
Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

Page 1 of 1

# STATE COURT OF BIBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER   <u>21-SCCV-093653</u>

CORNELIUS , CYNTHIA

_____

**PLAINTIFF**

**VS.**

DAMYAN , IULIYAN
DAMYAN'S CONSTRUCTION, LLC
FEDERATED MUTUAL INSURANCE
COMPANY

_____

**DEFENDANTS**

**SUMMONS**

TO: FEDERATED MUTUAL INSURANCE COMPANY

You are hereby summoned and required to file with the Clerk of said court and serve upon the
Plaintiff's attorney, whose name and address is:

> **John P Webb**
> **Smith, Welch, Webb & White, LLC**
> **280 Country Club Drive**
> **Suite 300**
> **Stockbridge, Georgia 30281**

an answer to the complaint which is herewith served upon you, within 30 days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by
default will be taken against you for the relief demanded in the complaint.

**This 8th day of December, 2021.**

Clerk of State Court

_____
Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

Page 1 of 1

# STATE COURT OF BIBB COUNTY
# STATE OF GEORGIA

CIVIL ACTION NUMBER   21-SCCV-093653

CORNELIUS , CYNTHIA

**PLAINTIFF**

**VS.**

DAMYAN , IULIYAN
DAMYAN'S CONSTRUCTION, LLC
FEDERATED MUTUAL INSURANCE
COMPANY

**DEFENDANTS**

**SUMMONS**

TO: PROGRESSIVE PREMIER INSURANCE COMPANY OF ILLINOIS

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **John P Webb**
> **Smith, Welch, Webb & White, LLC**
> **280 Country Club Drive**
> **Suite 300**
> **Stockbridge, Georgia 30281**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 8th day of December, 2021.**

Clerk of State Court

_____
Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

## General Civil and Domestic Relations Case Filing Information Form

⚡ EFILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

21-SCCV-093653
JBH

DEC 08, 2021 03:47 PM

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

☐ Superior or ☑ State Court of _Bibb_ County

| For Clerk Use Only | |
|---|---|
| Date Filed 12-08-2021 | Case Number 21-SCCV-093653 |
| **MM-DD-YYYY** | |

| **Plaintiff(s)** | | | | | **Defendant(s)** | | | | |
|---|---|---|---|---|---|---|---|---|---|
| CORNELIUS , CYNTHIA | | | | | DAMYAN , IULIYAN | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | DAMYAN'S CONSTRUCTION, LLC | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | FEDERATED MUTUAL INSURANCE COMPANY | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

Plaintiff's Attorney _Webb, Mr. John P_    Bar Number _744349_    Self-Represented ☐

### Check one case type and, if applicable, one sub-type in one box.

| General Civil Cases | Domestic Relations Cases |
|---|---|
| ☑ **Automobile Tort** | ☐ **Adoption** |
| ☐ **Civil Appeal** | ☐ **Contempt** |
| ☐ **Contract** | ☐ Non-payment of child support, |
| ☐ **Contempt/Modification/Other** | medical support, or alimony |
| **Post-Judgment** | ☐ **Dissolution/Divorce/Separate** |
| ☐ **Garnishment** | **Maintenance/Alimony** |
| ☐ **General Tort** | ☐ **Family Violence Petition** |
| ☐ **Habeas Corpus** | ☐ **Modification** |
| ☐ **Injunction/Mandamus/Other Writ** | ☐ Custody/Parenting Time/Visitation |
| ☐ **Landlord/Tenant** | ☐ **Paternity/Legitimation** |
| ☐ **Medical Malpractice Tort** | ☐ **Support – IV-D** |
| ☐ **Product Liability Tort** | ☐ **Support – Private (non-IV-D)** |
| ☐ **Real Property** | ☐ **Other Domestic Relations** |
| ☐ **Restraining Petition** | |
| ☐ **Other General Civil** | |

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
**Case Number**                **Case Number**

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____

_____

Version 1.1.20

SHERIFF'S ENTRY OF SERVICE

FILED IN OFFICE
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

Record to:

Civil Action No. ___21-SCCV-093653___

21-SCCV-093653

Superior Court ☐    Magistrate Court ☐
State Court ☑    Probate Court ☐
Juvenile Court ☐

DEC 28, 2021 09:58 AM

Date Filed ___December 8, 2021___

Georgia, ___BIBB___ County

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

Attorney's Address

CYNTHIA CORNEILUS

John P. Webb - Smith, Welch, Webb & White

___Plaintiff___

280 Country Club Dr., Ste. 300

VS.

Stockbridge, GA 30281

Name and Address of Party to Served
Progressive Premier Insurance Company of Illinois
c/o its reg. agent, Linda Banks, CT Corp. System
289 South Culver Street
Lawrenceville, GA 30046
Policy No. 917964846
Claim No. 19-4787956

IULIYAN DAYMAN, DAMYAN'S
CONSTRUCTION, LLC AND FEDERATED
MUTUAL INSURANCE COMPANY

___Defendant___

___Garnishee___

**SHERIFF'S ENTRY OF SERVICE**

**PERSONAL**
☐ I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**
I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐ Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant _Progressive Premier Ins. Co. of Ill_ a corporation
☒ by leaving a copy of the within action and summons with _Jane Richardson (RA)_
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐ envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐ not to be found in the jurisdiction of this Court.

This _20_ day of ___Dec___, 20_21_.

Lt. Higgins 90541

DEPUTY

Printed: 12/17/2021   4:12:48PM
By: ksullivan

Servee Count 1 of 1

# Gwinnett County Sheriff's Office
## Cover Sheet



**Sheriff #:**   21035734

**FOREIGN**

**Person Served:**   PROGRESSIVE PREMIER INSURANCE
C/O CT CORP
289 SOUTH CULVER STREET
LAWRENCEVILLE GA 30046
PHONE:

**Process Information:**

Date Received:      12/17/2021

Assigned Zone:      289 S. Culver                Court Case #:    21-SCCV-093653

Expiration Date:                                Hearing Date:

Paper Types:        Summons, COMPLAINT, DISCOVERY

Notes/Alerts:

**Notes:**

_____

_____

_____

_____

_____

_____

_____

_____

📧 **EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**21-SCCV-093653**
JBH
DEC 28, 2021 12:04 PM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

**IN THE STATE COURT OF BIBB COUNTY**

**STATE OF GEORGIA**

| | |
|---|---|
| CYNTHIA CORNELIUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **CIVIL ACTION** |
| ) | |
| IULIYAN DAMYAN, DAMYAN'S ) | **FILE NO. 21-SCCV-093653** |
| CONSTRUCTION, LLC, and FEDERATED ) | |
| MUTUAL INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF SERVICE ON SECRETARY OF STATE PURSUANT TO THE
NONRESIDENT MOTORIST ACT**

Notice is hereby given that service upon Defendant IULIYAN DAMYAN was perfected on December 9, 2021 by serving a copy of the Summons, Complaint, Rule 5.2 Certificate, and discovery upon the Georgia Secretary of State under the authority of O.C.G.A. § 40-12-2, which is a part of the Georgia Nonresident Motorist Act. Attached hereto is an Affidavit of Plaintiff's counsel along with a "Certificate of Acknowledgment" dated December 27, 2021 from the Secretary of State's Office.

This 28th day of December, 2021.

Respectfully submitted,

JOHN P. WEBB
Georgia Bar No. 744349
Attorney for Plaintiff

**SMITH, WELCH, WEBB & WHITE, LLC**
280 Country Club Drive, Suite 300
Stockbridge, Georgia 30281
P: (770) 389-4864
F: (770) 389-5193
jwebb@smithwelchlaw.com

## IN THE STATE COURT OF BIBB COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| **CYNTHIA CORNELIUS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CIVIL ACTION** |
| ) | |
| **IULIYAN DAMYAN, DAMYAN'S** ) | **FILE NO. 21-SCCV-093653** |
| **CONSTRUCTION, LLC, and FEDERATED** ) | |
| **MUTUAL INSURANCE COMPANY,** ) | |
| ) | |
| **Defendants.** ) | |

### AFFIDAVIT OF COMPLIANCE FOR
### SERVICE OF PROCESS UPON NON-RESIDENT MOTORIST

I, JOHN P. WEBB, the undersigned, am the attorney who represents the Plaintiff in the above-styled case.

I do hereby certify that, in accordance with O.C.G.A. § 40-12-2, I have forwarded by Statutory Overnight Delivery notice of service of the above case along with a Summons, a copy of the Complaint, Rule 5.2 Certificate and discovery to Defendant ULIYAN DAMYAN, at the following address:

IULIYAN DAMYAN
9598 Ann Lane
Hopkins, MN 55305

Attached hereto as **Exhibit "A"** is a copy of said correspondence and the FedEx Shipment Delivered Receipt, as evidence of service upon Defendant IULIYAN DAMYAN.

JOHN P. WEBB
Ga. Bar No. 744349

Sworn to and subscribed before me
this 14th day of December, 2021.

Notary Public



Ernest M. Smith (1911-1992)
A. J. Welch, Jr. (1944-2018)
John P. Webb, PC
William A. White, PC
Andrew J. Welch, III, PC (NY & GA)
J. Byrd Garland
L. Scott Mayfield
Marc A. Avidano (FL & GA)
David M. Waldroup
Andrew J. Gebhardt
R. Brian Strickland
Elizabeth P. O'Neal
Megan Murren Rittle (GA & AL)
Lajuana C. Ransaw
Warren M. Tillery
Orion G. Webb

Grant E. McBride
Bianca K. Davis
Miranda N. Hanley
Casey C. Crumbley (SC & GA)

ASSOCIATES
Brandon F. Palmer
M. Chase Collum
Brooke A. White
Amy M. Fletcher
Averiel D. Jackson
Jeremy A. Trimble (FL & GA)

OF COUNSEL
Tim N. Shepherd

## SMITH WELCH
### WEBB & WHITE₁ₚ

ATTORNEYS AT LAW
TRUSTED SERVICE FOR A LIFETIME

280 COUNTRY CLUB DRIVE • SUITE 300 • STOCKBRIDGE, GA 30281
Telephone: 770-389-4864 • Facsimile  770-389-5193
www.smithwelchlaw.com

December 9, 2021

Iuliyan Damyan
9598 Ann Lane
Hopkins, MN 55305

*Via FedEx: First Overnight Delivery*
*Tracking No. 776447647788*

RE:   **Cynthia Cornelius vs. Iuliyan Damyan, Damyan's Construction LLC,**
      **and Federated Mutual Insurance Company; Bibb County State Court;**
      **Civil Action File No. 21-SCCV-093653**

### NOTICE PURSUANT TO O.C.G.A. § 40-12-2

Dear Mr. Damyan:

You are hereby placed on notice that a civil action has been filed against you in the State Court of Bibb County, Georgia regarding an automobile accident you were involved in on December 13, 2019.

The enclosed Summons and Complaint (and discovery) will be served upon the Secretary of State of Georgia in accordance with O.C.G.A. § 40-12-2. A copy of the Summons and Complaint (and discovery) were also forwarded to Federated Mutual Insurance Company, who is handling this claim on your behalf.

Sincerely,

John P. Webb

JPW/aw
Enclosures

cc:   Cynthia Cornelius

{Doc: 02911795.DOCX}



EXHIBIT
A



December 15, 2021

Dear Customer,

The following is the proof-of-delivery for tracking number: 775447647788

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Residence |
| **Signed for by:** | I.DYMAN | **Delivery Location:** | 9598 ANN LN |
| **Service type:** | FedEx First Overnight | | |
| **Special Handling:** | Deliver Weekday;<br>Residential Delivery;<br>Direct Signature Required | | HOPKINS, MN, 55305 |
| | | **Delivery date:** | Dec 10, 2021 07:56 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 775447647788 | **Ship Date:** | Dec 9, 2021 |
| | | **Weight:** | 0.5 LB/0.23 KG |

**Recipient:**
Iuliyan Damyan,
9598 Ann Lane
HOPKINS, MN, US, 55305

**Shipper:**
John P. Webb, Smith, Welch, Webb & White, LLC
280 Country Club Drive
Suite 300
Stockbridge, GA, US, 30281

| | |
|---|---|
| **Reference** | 20442.0000 |
| **Purchase Order** | 20442.0000 |



Control Number : SOP-21311516

# STATE OF GEORGIA
## Secretary of State
### Corporations Division
**313 West Tower**
**2 Martin Luther King, Jr. Dr.**
**Atlanta, Georgia 30334-1530**

### CERTIFICATE OF ACKNOWLEDGEMENT

I, Brad Raffensperger, Secretary of State of the State of Georgia, do hereby certify under the seal of my office that copies of legal documents regarding service of process upon:

**Iuliyan Damyan**

have been filed with the Secretary of State on 12/16/2021 pursuant to O.C.G.A. § 40-12-2 relating to the following matter:

Case: Cynthia Cornelius v. Iuliyan Damyan
Court: Bibb County State Court
Civil Action No.: 21-sccv-093653

Witness my hand and official seal in the City of Atlanta and the State of Georgia on 12/27/2021.



Brad Raffensperger

**Brad Raffensperger**
**Secretary of State**



Ernest M. Smith (1911-1992)
A. J. Welch, Jr. (1944-2018)
John P. Webb, PC
William A. White, PC
Andrew J. Welch, III, PC (NY & GA)
J. Byrd Garland
L. Scott Mayfield
Marc A. Avidano (FL & GA)
David M. Waldroup
Andrew J. Gebhardt
R. Brian Strickland
Elizabeth P. O'Neal
Megan Murren Rittle (GA & AL)
Lajuana C. Ransaw
Warren M. Tillery
Orion G. Webb

Grant E. McBride
Bianca K. Davis
Miranda N. Hanley
Casey C. Crumbley (SC & GA)

_____

ASSOCIATES
Brandon F. Palmer
M. Chase Collum
Brooke A. White
Amy M. Fletcher
Averiel D. Jackson
Jeremy A. Trimble (FL & GA)

OF COUNSEL
Tim N. Shepherd

## SMITH WELCH
### WEBB & WHITE LLC

ATTORNEYS AT LAW
TRUSTED SERVICE FOR A LIFETIME

280 COUNTRY CLUB DRIVE • SUITE 300 • STOCKBRIDGE, GA 30281
Telephone: 770-389-4864 • Facsimile: 770-389-5193
www.smithwelchlaw.com

December 15, 2021

Service of Process                          **VIA FEDEX OVERNIGHT DELIVERY**
Corporation Division                           **TRACKING NO. 775502420717**
Georgia Secretary of State
2 MLK, Jr. Drive, S.E.
Suite 315, Floyd West Tower
Atlanta, Georgia 30334

RE:   **Cynthia Cornelius vs. Iuliyan Damyan, Damyan's Construction LLC,**
      **and Federated Mutual Insurance Company; Bibb County State Court;**
      **Civil Action File No. 21-SCCV-093653**

Dear Madame or Sir:

    The below enclosed documents are being served upon your good office in
accordance with O.C.G.A. § 40-12-2:

    1)  A copy of Summons, Complaint, Rule 5.2 Certificate and Discovery;
    2)  Affidavit of Compliance; and
    3)  Service Fee of $10.00.

    Please accept such in the above referenced case as substituted service as Defendant
Iuliyan Damyan is a nonresident motorist. I ask that you kindly return a Certificate of
Acknowledgement to my attention at the above address.

    Thank you for your consideration. Should you have any concerns, please do not
hesitate to contact my office.

                                     Sincerely,

                                     John P. Webb

JPW/aw
Enclosures

cc:    Cynthia Cornelius

IN THE STATE COURT OF BIBB COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| CYNTHIA CORNELIUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION |
| | ) | |
| IULIYAN DAMYAN, DAMYAN'S | ) | FILE NO. 21-SCCV-093653 |
| CONSTRUCTION, LLC, and FEDERATED | ) | |
| MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF COMPLIANCE FOR
## SERVICE OF PROCESS UPON NON-RESIDENT MOTORIST

I, JOHN P. WEBB, the undersigned, am the attorney who represents the Plaintiff in the above-styled case.

I do hereby certify that, in accordance with O.C.G.A. § 40-12-2, I have forwarded by Statutory Overnight Delivery notice of service of the above case along with a Summons, a copy of the Complaint, Rule 5.2 Certificate and discovery to Defendant ULIYAN DAMYAN, at the following address:

IULIYAN DAMYAN
9598 Ann Lane
Hopkins, MN 55305

Attached hereto as **Exhibit "A"** is a copy of said correspondence and the FedEx Shipment Delivered Receipt, as evidence of service upon Defendant IULIYAN DAMYAN.

JOHN P. WEBB
Ga. Bar No. 744349

Sworn to and subscribed before me
this 14th day of December, 2021.

Notary Public



Ernest M. Smith (1911-1992)
A. J. Welch, Jr. (1944-2018)
John P. Webb, PC
William A. White, PC
Andrew J. Welch, III, PC (NY & GA)
J. Byrd Garland
L. Scott Mayfield
Marc A. Avidano (FL & GA)
David M. Waldreup
Andrew J. Gebhardt
R. Brian Strickland
Elizabeth P. O'Neal
Megan Murren Rittle (GA & AL)
Lajuana C. Ransaw
Warren M. Tillery
Orion G. Webb

Grant E. McBride
Bianca K. Davis
Miranda N. Hanley
Casey C. Crumbley (SC & GA)

ASSOCIATES
Brandon F. Palmer
M. Chase Collum
Brooke A. White
Amy M. Fletcher
Averiel D. Jackson
Jeremy A. Trimble (FL & GA)

OF COUNSEL
Tim N. Shepherd

## SMITH WELCH
### WEBB & WHITE LLC

ATTORNEYS AT LAW
TRUSTED SERVICE FOR A LIFETIME

280 COUNTRY CLUB DRIVE • SUITE 300 • STOCKBRIDGE, GA 30281
Telephone: 770-389-4864 • Facsimile: 770-389-5193
www.smithwelchlaw.com

December 9, 2021

Iuliyan Damyan
9598 Ann Lane
Hopkins, MN 55305

*Via FedEx: First Overnight Delivery*
*Tracking No. 776447647788*

RE:    **Cynthia Cornelius vs. Iuliyan Damyan, Damyan's Construction LLC,
and Federated Mutual Insurance Company; Bibb County State Court;
Civil Action File No. 21-SCCV-093653**

### NOTICE PURSUANT TO O.C.G.A. § 40-12-2

Dear Mr. Damyan:

You are hereby placed on notice that a civil action has been filed against you in the State Court of Bibb County, Georgia regarding an automobile accident you were involved in on December 13, 2019.

The enclosed Summons and Complaint (and discovery) will be served upon the Secretary of State of Georgia in accordance with O.C.G.A. § 40-12-2. A copy of the Summons and Complaint (and discovery) were also forwarded to Federated Mutual Insurance Company, who is handling this claim on your behalf.

Sincerely,

John P. Webb

JPW/aw
Enclosures

cc:    Cynthia Cornelius

{Doc: 02911795.DOCX}



EXHIBIT
A



December 15, 2021

Dear Customer,

The following is the proof-of-delivery for tracking number: 775447647788

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Residence |
| **Signed for by:** | I.DYMAN | **Delivery Location:** | 9598 ANN LN |
| **Service type:** | FedEx First Overnight | | |
| **Special Handling:** | Deliver Weekday; Residential Delivery; Direct Signature Required | | HOPKINS, MN, 55305 |
| | | **Delivery date:** | Dec 10, 2021 07:56 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 775447647788 | **Ship Date:** | Dec 9, 2021 |
| | | **Weight:** | 0.5 LB/0.23 KG |

**Recipient:**
Iuliyan Damyan,
9598 Ann Lane
HOPKINS, MN, US, 55305

**Shipper:**
John P. Webb, Smith, Welch, Webb & White, LLC
280 Country Club Drive
Suite 300
Stockbridge, GA, US, 30281

| | |
|---|---|
| **Reference** | 20442.0000 |
| **Purchase Order** | 20442.0000 |



Thank you for choosing FedEx

# STATE COURT OF BIBB COUNTY
## STATE OF GEORGIA

2021 DEC 16  AM 7: 52

SECRETARY OF STATE
CORPORATIONS DIVISION

CIVIL ACTION NUMBER   21-SCCV-093653

CORNELIUS , CYNTHIA

**PLAINTIFF**

**VS.**

DAMYAN , IULIYAN
DAMYAN'S CONSTRUCTION, LLC
FEDERATED MUTUAL INSURANCE
COMPANY

**DEFENDANTS**

**SUMMONS**

TO: DAMYAN , IULIYAN

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **John P Webb**
> **Smith, Welch, Webb & White, LLC**
> **280 Country Club Drive**
> **Suite 300**
> **Stockbridge, Georgia 30281**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 8th day of December, 2021.**

Clerk of State Court

Patricia M. Graves, Clerk of State Court
Bibb County, Georgia

**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**21-SCCV-093653**
JBH
DEC 08, 2021 03:47 PM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

## IN THE STATE COURT OF BIBB COUNTY

### STATE OF GEORGIA

| | |
|---|---|
| CYNTHIA CORNELIUS,     ) | |
|             ) | |
|     **Plaintiff,**     ) | |
|             ) | |
| **vs.**         ) | **CIVIL ACTION** |
|          ) | |
| **IULIYAN DAMYAN, DAMYAN'S**     ) | **FILE NO. _____** |
| **CONSTRUCTION, LLC, and FEDERATED** ) | |
| **MUTUAL INSURANCE COMPANY,**     ) | |
|          ) | |
|     **Defendants.**     ) | |

### COMPLAINT FOR NEGLIGENCE

**COMES NOW CYNTHIA CORNELIUS**, Plaintiff in the above-styled action, and files this Complaint for Negligence against **IULIYAN DAMYAN, DAMYAN'S CONSTRUCTION, LLC, and FEDERATED MUTUAL INSURANCE COMPANY,** Defendants, and shows the Court as follows:

1.

Plaintiff CYNTHIA CORNELIUS (hereinafter referred to as "Plaintiff") is a resident of Bibb County, Georgia.

2.

Defendant IULIYAN DAMYAN (hereinafter referred to as "Defendant Damyan") resides at 9598 Ann Lane, Hopkins, Minnesota 55305-4615.

3.

Defendant Damyan is subject to the jurisdiction and venue of this Court pursuant to the Nonresident Motorist Act (O.C.G.A. § 40-12-3) and may be served through the Secretary of State for the State of Georgia and through notice to this defendant as is required by O.C.G.A. § 40-12-2.

1

4.

Defendant Damyan is subject to the venue and jurisdiction of this Court.

5.

Defendant Damyan has been properly served with process in this action.

6.

Defendant DAMYAN'S CONSTRUCTION, LLC (hereinafter referred to as "Defendant Damyan's Construction") is a foreign corporation doing business as an intrastate motor carrier with its principal place of business at 3651 Robin Lane, Minnetonka, Minnesota 55305.

7.

At all times pertinent to this action, Defendant Damyan's Construction was actively engaged in business as a motor common carrier or as a motor contract carrier operating under USDOT number 2402455.

8.

Defendant Damyan's Construction may be served by and through its manager, Ilya Damyan, 6040 Cajed Lane, Shorewood, Minnesota 55331.

9.

Defendant Damyan's Construction is subject to the venue and jurisdiction of this Court.

10.

Defendant Damyan's Construction has been properly served with process in this action.

11.

Defendant FEDERATED MUTUAL INSURANCE COMPANY (hereinafter referred to as "Defendant Federated Mutual") is a foreign insurance company incorporated under the laws of a state other than the State of Georgia with its primary place of business located at 121 East Park Square, Owatonna, Minnesota 55060.

2

12.

Defendant Federated Mutual is an insurance company incorporated under the laws of a state other than the State of Georgia and is authorized to do business in the State of Georgia with a registered agent upon whom service may be perfected, to-wit, David Holcomb, c/o Registered Agent Solutions, Inc., 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Fulton County, Georgia 30076.

13.

Defendant Federated Mutual is subject to the venue and jurisdiction of this Court pursuant to O.C.G.A. § 40-2-140.

14.

Defendant Federated Mutual is named as a Defendant in this case by virtue of the fact that it issued a policy of indemnity insurance to Defendant Damyan's Construction. The policy that was in full force and effect on December 13, 2019 is more specifically identified by policy number 6080769.

15.

As a policy of indemnity insurance is given in lieu of bond, it shall be permissible to join the motor carrier and the insurance carrier in the same action, whether arising in tort or contract pursuant to O.C.G.A. § 46-7-12 (e).

16.

Defendant Federated Mutual is not a joint tortfeasor. Defendant Federated Mutual is liable to the Plaintiff and joined by virtue of its contractual obligation to pay for the negligence of its insured, Defendant Damyan's Construction, and the agents, representatives, officers, employees, drivers, and servants of Defendant Damyan's Construction.

3

17.

Defendant Federated Mutual has been properly served with process in this action.

18.

On or about December 13, 2019, at approximately 11:00 P.M., Plaintiff was traveling southbound in a 2009 Acura TL on Interstate 75 at mile marker 199 in the left lane in Lamar County, Georgia when the collision at issue in this Complaint occurred.

19.

On the above-mentioned date, and at the same time, Defendant Damyan was driving a 2011 GMC Sierra also traveling southbound in Interstate 75 at mile marker 199 on the center lane of travel. when the collision at issue in this Complaint occurred.

20.

Defendant Damyan failed to maintain his lane of travel and struck the passenger's side of Plaintiff's vehicle.

21.

Defendant. Damyan did not stop after striking Plaintiff's vehicle and had to be signaled to move off the roadway to stop for the collision.

22.

The impact to Plaintiff's vehicle caused her to sustain various personal injuries.

23.

Defendant Damyan's acts of negligence include, but are not limited to, one or more of the following: O.C.G.A. § 40-6-48, Failing to Maintain Lane, and O.C.G.A. § 40-6-241, Failing to Exercise Due Care, both of which constitute negligence *per se.*

4

24.

The actions of Defendant Damyan show such willful misconduct, wantonness and the entire want of care, which raises the presumption of conscious indifference to the consequences as contemplated under O.C.G.A. § 51-12-5.1 so as to authorize the award of punitive damages in this case, for which Plaintiff is entitled to recover.

25.

Plaintiff was not negligent and did not contribute to the cause of the collision.

26.

Defendant Damyan failed to operate his vehicle with the due care exercised by individuals in like or similar circumstances and operated his vehicle in a manner showing disregard for the safety of others, including Plaintiff.

27.

Defendant Damyan's actions constituted negligence in operating the vehicle contrary to the reasonable and safe conditions and circumstances then existing.

28.

Defendant Damyan's actions constituted negligence by engaging in a driving manner which was ill-timed and improper, causing danger, injuries, damages, losses, physical pain and emotional distress to Plaintiff.

29.

At all times relevant hereto, Plaintiff acted with reasonable care under the conditions and circumstances then existing and Plaintiff was driving in a lawful manner and exercising due care for his own safety.

5

30.

Defendant Damyan failed to adhere to pertinent aspects of Georgia motor vehicle laws and regulations.

31.

At all times herein alleged, the 2011 GMC Sierra owned by Defendant Damyan's Construction was being operated by Defendant Damyan, as agent, servant, and/or employee of Defendant Damyan's Construction.

32.

At all times herein alleged, Defendant Damyan was in the employ of Defendant Damyan's Construction, and the acts complained of herein were committed by Defendant Damyan in the prosecution of the business of Defendant Damyan's Construction and within the scope of the employment and authority of Defendant Damyan's Construction so that Defendant Damyan's Construction is liable therefore.

33.

The actions and omissions of Defendant Damyan herein alleged were negligent and Defendants Damyan's Construction and Federated Mutual are liable for said negligence.

34.

Defendant Damyan's Construction was negligent in the hiring and supervision of Defendant Damyan when it knew, or in the exercise of ordinary care should have known that Defendant Damyan was engaging in unsafe driving habits, presenting a clear and continuous danger to fellow motorists.

35.

Defendant Damyan's Construction is therefore liable for negligent hiring, retention, and entrustment.

6

36.

At all times pertinent hereto, Defendant Federated Mutual provided liability insurance to Defendant Damyan's Construction and stands as security for the protection of the public against injury for which its insured, Defendant Damyan's Construction, might be liable as provided by applicable Georgia law.   Therefore, Defendant Federated Mutual is liable for the negligent conduct of its insured and its agents and employees.

37.

Defendants are negligent for all other acts of negligence as may be shown at trial.

38.

The injuries sustained by Plaintiff were the direct and proximate result of the negligence of Defendants.

39.

But for the negligence of Defendants, Plaintiff would not have suffered physical injuries, physical pain, mental and psychological suffering, and other injuries and damages as listed below:

a) Cervical disc displacement (C3-7);
b) Cervical radiculopathy;
c) Lumbar radiculopathy;
d) Lumbosacral radiculopathy;
e) Cervicalgia; and
f) Low back pain.

40.

As a direct and proximate result of Defendants' negligence, Plaintiff has incurred, and may continue to incur, medical expenses from her injuries from providers in the amounts listed below:

| Provider | Specialty | Cost |
|---|---|---|
| Coliseum Northside Hospital | Hospital | $1,148.00 |
| ACS Primary Care Physicians SE | ER Physician | $540.00 |
| Radiology Associates of Macon | Diagnostic | $32.00 |
| Resurgens Orthopaedics | Orthopedics | $1,935.09 |
| Total Health and Injury Specialist | Chiropractic | $3,380.00 |
| Allegiance Imaging and Radiology | Diagnostic | $3,600.00 |
| Summit Spine & Joint Centers (Georgia Pain and Wellness Center) | Pain Management | $18,321.00 |
| **Total Medical Expenses:** | | **$28,956.09** |

41.

As a direct and proximate result of Defendants' negligence, Plaintiff has incurred lost wages in the amount of $16,760.00.

42.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law. Plaintiff states her intention to seek all compensatory, special, economic, consequential, general, and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal injuries;
b) Past, present and future pain and suffering;
c) Disability;
d) Mental anguish;
e) Loss of capacity for the enjoyment of life;
f) Incidental expenses;
g) Past, present and future medical expenses;
h) Lost wages;
i) Permanent injuries; and
j) Consequential damages to be proven at trial.

43.

Defendants are liable for Plaintiff's injuries sustained, pain and suffering, cost of treatment and all other elements of damages allowed under the laws of the State of Georgia.

8

44.

Plaintiff is entitled to request attorney's fees and the expenses of litigation in that the actions on the part of the Defendants as herein above described show that Defendants acted in bad faith in the transactions and dealings surrounding the herein above described incident. Defendants' actions have caused Plaintiff unnecessary expense so as to entitle Plaintiff to the expenses of litigation and attorney's fees as defined by O.C.G.A. § 13-6-11. Defendants have acted in bad faith and have forced Plaintiff to file this lawsuit in order to receive compensation for her injuries.

WHEREFORE, Plaintiff prays for the following relief:

1) That process issue requiring Defendants to answer according to law;

2) Plaintiff be awarded actual damages in amounts to be shown at trial from Defendants;

3) Plaintiff be awarded all general, special, compensatory, economic, punitive and other allowable damages from Defendants and as permitted under Georgia law;

4) Plaintiff be awarded a trial by jury; and

5) Plaintiff have such other relief as this Court deems just and appropriate under the circumstances.

TRIAL BY JURY IS HEREBY DEMANDED.

This 8th day of December, 2021.

JOHN P. WEBB
Georgia State Bar No. 744349
Attorney for Plaintiff

9

**SMITH, WELCH, WEBB & WHITE, LLC**
280 Country Club Drive, Suite 300
Stockbridge, Georgia 30281
(770) 389-4864 (phone)
jwebb@smithwelchlaw.com

## IN THE STATE COURT OF BIBB COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **CYNTHIA CORNELIUS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION** |
| | ) | |
| **IULIYAN DAMYAN, DAMYAN'S** | ) | **FILE NO. _____** |
| **CONSTRUCTION, LLC, and FEDERATED** | ) | |
| **MUTUAL INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSIONS TO DEFENDANT DAMYAN'S CONSTRUCTION, LLC

COMES NOW, CYNTHIA CORNELIUS, Plaintiff in the above-styled action, and hereby requires that Defendant DAMYAN'S CONSTRUCTION, LLC answer separately, under oath and in writing the following interrogatories within forty-five (45) days from the date of service as provided by O.C.G.A. § 9-11-33 and that a copy of the answers be furnished to Plaintiff's attorney, John P. Webb, Smith, Welch, Webb & White, LLC, 280 Country Club Drive, Suite 300, Stockbridge, Georgia 30281.

### **INSTRUCTIONS**

A.    You are hereby required to answer all of the following interrogatories forty-five (45) days after service hereof, separately, under oath and in the form provided by law. To the extent that you contend that these interrogatories exceed any numerical restrictions imposed by Georgia law, you are to answer the first fifty (50) interrogatories. To the extent any information called for is objected to upon a claim of privilege, you must provide enough

information for the Court to adjudicate your claim of privilege in the form of a "privilege log" and provide said log to the undersigned at the time of serving your responses.

B.      As these interrogatories are continuing in nature, you are required to file a supplemental response upon the discovery of other or further information affecting your response.

C.      You are under a duty seasonably to supplement your response with respect to any question directly addressed to:

  (a)     the identity and location of persons having knowledge of discoverable matters; and,

  (b)     the identity of each person expected to be called as an expert witness at trial, the subject matter on which he/she is expected to testify and the substance of his/her testimony.

D.      You are under a duty seasonably to amend a prior response if you obtain information upon the basis of which:

  (a)     you know the response was incorrect when made; or,

  (b)     you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## DEFINITION OF TERMS

When used in these interrogatories, the following terms shall have the following Meanings, unless specifically provided otherwise:

A. "Defendant Damyan's Construction", "You" or "Your" shall refer to **DAMYAN'S CONSTRUCTION, LLC** including all attorneys, agents, and representatives acting on its behalf.

B.  "Defendant Damyan" shall refer to **IULIYAN DAMYAN.**

C.  "Defendant Federated Mutual" shall refer to **FEDERATED MUTUAL INSURANCE COMPANY.**

D.  "Defendants" collectively shall refer to **IULIYAN DAMYAN, DAMYAN'S CONSTRUCTION, LLC, and FEDERATED MUTUAL INSURANCE COMPANY** including all attorneys, agents, and representatives acting on its behalf.

E.  "Plaintiff" shall refer **CYNTHIA CORNELIUS**.

F.  "Subject Collision" shall refer to **the collision referenced in Plaintiff's Complaint for Negligence, which occurred on December 13, 2019**.

G.  "Subject Vehicle" shall refer to the **2011 GMC Sierra** referenced in Plaintiff's Complaint.

H.  Whenever there is a request to "identify" an individual, please state: (a) his/her full name; (b) his/her present or last known business address and telephone number; (c) his/her present or last known position; and, (d) his/her position at the time in question in the particular interrogatory.

I.  Whenever there is a request to "identify" a business, organization or other entity not an individual, please state: (a) the full name of such known organization or entity; (b) the present address or an agent for service of process of the organization or entity; and (c) the form of such organization.

J.  "Document" shall mean all written materials, sound recordings, films and other physical objects, the originals or copies of all correspondence, invoices, letters, memoranda, telegrams, handwritten notes, periodicals, pamphlets, reports, financial records, canceled checks, deposit slips, bank statements, accounts, journals, ledger cards, profit and loss

statements, financial statements, audited and unaudited, reports, audits, studies, working papers, corporate minutes, minute books, diaries, deeds, contracts, assignments, agreements, understandings, charts, papers, drafts, indices, data sheets, data processing cards, tapes, or any other physical object however produced or reproduced in the possession, custody or control of the entity herein served or its agents, attorneys or employees.

K.   When used in reference to a document, "identify" shall be a request to state: (a) a description of the type of document (e.g., letter, memorandum, telegram, etc.); and (b) the identity of the person or persons who authorized, signed or prepared it.

Whenever there is a request to identify a document or communication, please state: (a) the date, nature (oral, written, typed, photographed, etc.) and purpose of each communication; (b) the place or places where the communication occurred; (c) the type of communication; (d) the substance of the communication; (e) the nature of each document relating or referring to, or comprising such communication; (f) the identity of each person who originated, received, and participated in such communication; and, (g) the identity of the present custodian of the document.

In lieu of identifying a particular document or report when such identification is requested, the original of such document or report (or a copy, if the original is not available) may, at your option, be attached to the response to these interrogatories; provided that any specific information required pursuant to the foregoing definition which is not fully set forth on the face of such document must be separately provided in response to the interrogatories.

L.   Whenever there is a request to identify an act or activity, please state: (a) each and every transaction or deed constituting the act or activity; (b) the date upon which the act or

activity took place; (c) the place or places where the act or activity took place; and (d) the identity of each person.

M.      Whenever there is a request to identify a meeting, please state: (a) the date, nature and purpose of the meeting; (b) the substance of the meeting; (c) the place of the meeting; (d) the identity of each person attending or participating in the meeting; and (e) the identity of each document relating or referring to such meeting.

## **INTERROGATORIES**

1.

State the full name and title of the person responding to these interrogatories.

2.

At the time of the Subject Collision, was Defendant Damyan acting as Defendant Damyan's Contruction's agent, servant and employee? If not, please state in detail the reasons for Your denial.

3.

Did Defendant Damyan have any restrictions on his driver's license at the time of the Subject Collision?

4.

Has Defendant Damyan been involved in any other motor vehicle accidents or committed any traffic violations either while in Your employ or in previous employment? If so, state what information You have in that regard.

5.

State whether any disciplinary action was taken either against Defendant Damyan as a result of his driving that resulted in the Subject Collision.

6.

Did Defendant Damyan undergo any post-accident drug or alcohol screening? If so, what were the results?

7.

State whether You have retained a driver qualification file in Your offices for Defendant Damyan. If so, list each of the documents in that file.

8.

How long had Defendant Damyan been employed by You prior to the date of the collision, and is he still employed by You? If not, please state in detail the reasons for his leaving.

9.

Please state in detail what experience Defendant Damyan had in driving the Subject Vehicle prior to the date of the collision.

10.

Were You the owner or lessor of the Subject Vehicle which was involved in the Subject Collision? If You were not the owner of the Subject Vehicle involved in the Subject Collision, identify the true owner and state whether the vehicle was being operated by Your department under lease and if so, whether the lease was a permanent lease or a trip lease.

11.

State what repairs were made to the Subject Vehicle as a result of the Subject Collision and specify the costs of those repairs.

12.

Was the Subject Vehicle which Defendant Damyan was operating insured against liability due to negligence of the operation of the vehicle? If so, please identify each insurance department, including excess carriers and umbrella coverages, and for each insurer give the following information:

(a)     Name and address of department;

(b)     Limits of liability coverage;

(c)     Policy number; and

(d)     Name of insured.

13.

If You contend that the Plaintiff was contributorily negligent in the Subject Collision, state with specificity in what way You contend that she was negligent.

14.

If You contend that any third parties were contributorily negligent to the Subject Collision, state with specificity in what way You contend he/she/they were negligent.

15.

Do You contend that an individual or entity not named as a party to this action is a real party in interest rather than any named party. If so, identify that individual or entity and state the factual basis and support of Your contention.

16.

If You contend that any mechanical defect of either vehicle involved in the Subject Collision contributed to the collision, state the factual basis in support of Your contention.

17.

If You contend that the roadway conditions at the time of the Subject Collision in any way contributed to the collision, state the factual basis in support of Your contention.

18.

State the full names, addresses, home telephone number, places of employment and present whereabouts of every person known to You who has any knowledge regarding the facts or circumstances concerning the events described in the complaint, including the happening of the incident and the injuries, also including, but not limited to, eyewitnesses to such events and medical witnesses and other persons having any knowledge thereof.

19.

If any of the persons listed in response to the preceding interrogatory work for You, please identify the individual and state that person's job title.

20.

Please give the names and addresses of all expert witnesses You intend to call at trial.

21.

Please state the subject matter on which each expert is expected to testify and state the substance of the facts and opinions to which each expert is expected to testify, and a summary of the grounds for each opinion.

22.

State whether or not You, or anyone acting on Your behalf, obtained statements in any form from any person pertaining to any issue or fact involved in or related to this controversy, and, if so, please state the name and address of the person from whom each such statement was

taken, the type of each such statement, to whom each such statement was made, and the substance of such statement.

23.

To Your knowledge, information or belief, are there any photographs or drawings of the scene of the incident complained of, any vehicle or other physical object involved in the incident, or any person (including any party) involved in the incident? If so, please describe each individual photograph or drawing with specificity, including, but not limited to, the date made, by whom it was made, the form (whether photographic print, transparency, diagram, plat, etc.), the subject represented, all facts represented or shown, and the present location and the name of the person having possession, custody or control.

24.

Identify all documents, printouts of electronically stored information, or other tangible objects that You referenced in order to answer these interrogatories.

25.

If You have been a party to any action in the past 36 months (other than this action), please describe each such action, giving the date of each such action, the court in which it was brought, and the name of other parties to each such action.

26.

If Your response to any of the Plaintiff's Requests for Admissions was anything other than an unqualified admission, state the factual basis for Your response.

27.

Provide the factual basis supporting each of Your affirmative defenses in Your Answer.

28.

With reference to the denials pled by You in answering Plaintiff's Complaint, please set forth in detail each and every fact known to You, Your agents, representatives or attorneys which You contend supports or corroborates said denials.

## II.   **DOCUMENTS PRODUCTION REQUESTS**

You are hereby notified to produce, pursuant to O.C.G.A. § 24-13-27, at the time of any deposition, at any interlocutory hearing or motion hearing, and at final trial of this case, the documents and records listed below, for use by the Plaintiff as evidence.

Plaintiff in the above-captioned case hereby requests Defendant CAMYAN'S CONSTRUCTION to produce and permit Plaintiff, or someone acting on its behalf, to inspect and copy the following designated documents (including writings, drawings, graphs, charts, photographs and other data compilations from which information can be obtained or translated, if necessary, by the respondent through detection devices into a reasonably usable form) to inspect and copy, test or sample any of the following designated tangible things, which constitute or contain matters within the scope of Rule 26b of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(b), and which are in the possession, custody or control of the party whom these requests are served.

You are further hereby notified to produce, pursuant to O.C.G.A. § 9-11-34, the following documents and records for inspection and copying, at the office of John P. Webb, attorney for Plaintiff, Smith, Welch, Webb & White, LLC, 280 Country Club Drive, Suite 300, Stockbridge, GA 30281, on the 45th day following service of this request for production.

NOTE A:     Should any document or thing herein requested come into existence or become known to you or your attorney subsequent to your receipt of this request or subsequent

to the inspection or other means of producing said documents or things hereinbelow requested, this request shall be deemed to be continuing in nature.

    NOTE B:    As an alternative to producing the documents or other evidence of writing hereinbelow designated at the time, date and place above specified, you may Photostat true, correct and genuine copies of such requested documents or other evidence of writing and attach same to your formal response to the within and foregoing Request for Production and serve same upon the undersigned counsel within forty-five (45) days from the date of service of this request.

## DOCUMENT PRODUCTION REQUESTS

1.

    Please produce all documents identified in or referred to in responding to Plaintiff's First Continuing of Interrogatories served on You contemporaneously herewith.

2.

    Please produce Your complete file pertaining to any investigation of the Subject Collision.

3.

    Please produce, as hereinabove requested, any and all photographs, sketches, transparencies and/or drawings, video tapes, movies or other illustrative materials of any person, party, vehicle, roadway, scene, or any other object or thing relative to the Subject Collision.

4.

    Please produce, as hereinabove requested, any and all accident reports concerning the Subject Collision, including any that were prepared by You or on Your behalf.

5.

Please produce, as hereinabove requested, any and all damage appraisals and repair invoices of the Subject Vehicle as a result of the Subject Collision.

6.

Please produce, as hereinabove requested, the title to the Subject Vehicle at the time of the Subject Collision, or the lease papers or contracts if said vehicle was not owned by You.

7.

Please produce, as hereinabove requested, any and all written or recorded statements made by any witness, party or other person having relevant information or knowledge of any fact or circumstance in this action.

8.

Please produce, as hereinabove requested, all surveillance movies or photographs which have been made in reference to the Subject Collision.

9.

Please produce, as hereinabove requested, any and all reports, whether written or otherwise recorded, made by any expert or experts who has been retained or otherwise employed by You in anticipation of litigation or preparation for trial in this action.

10.

Please produce, as hereinabove requested, any and all insurance agreements, contracts, and/or policies under which any person or corporation carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability

insurance policy covering You or the automobile being driven by You at the time of the Subject Collision.

11.

Please produce, as hereinabove requested, all settlement agreements, in which You have arrived at a settlement or agreement between You and any other person, whether or not a party to this action, regarding or pertaining to the Subject Collision or any damages resulting therefrom.


12.

Please produce, as hereinabove requested, any and all medical reports, records, invoices, statements, bills, diagnoses, and documents referencing any complaint of any kind that sets forth any injuries or physical harm sustained by Defendant Damyan received or incurred as a result of the Subject Collision.

13.

Produce any cell phone records of any cell phone used by Defendant Damyan for the month of December 2019.

14.

The original of the driver log books maintained by Defendant Damyan for the entire time he has been employed by You.

15.

The originals of all maintenance and repair records on the Subject Vehicle being driven by Defendant Damyan at the time of the Subject Collision.

16.

The originals of all maintenance and repair records on the trailer being pulled by said tractor being driven by Defendant Damyan at the time of the Subject Collision.

17.

The original of the complete personnel file maintained by You on Defendant Damyan, including, but not limited to, any and all physical examination reports, applications for employment and Defendant Damyan's evaluations by You and/or Your agents.

18.

The originals of Defendant Damyan's driving record and list of violations maintained by You.

19.

The original of Defendant Damyan's driver's license in force and effect on December 13, 2019.

20.

The "black box" (or the device by whatever name it is called by you) showing the information regarding the tractor trailer for the 15 minutes prior to the subject collision, immediately preceding the collision, during the collision and following the collision.

21.

The originals of all repair estimates for repairs to the tractor trailer being driven by Defendant Damyan.

22.

A copy of any journal, diary, notes, correspondence or any other similar document reflecting or containing observations or recollections relating to any fact or issue in this lawsuit.

23.

Produce all documents, printouts of electronically stored information, or other tangible objects that would reflect the actions of the Subject Vehicle on the day of the Subject Collision and the preceding seven (7) days, including but not limited to, any printouts or data from any onboard recording devices in the Subject Vehicle.

24.

Any downloadable data from any other device located on the Subject Vehicle at the time of the Subject Collision and the preceding seven (7) days.

25.

Any accidents registered for the Subject Vehicle for the five (5) years prior to the Subject Collision.

26.

Any accidents that make reference to Defendant Damyan within five (5) years prior to the Subject Collision.

27.

Any bills of lading or invoices associated with trucks driven by Defendant Damyan for the thirty (30) days preceding the Subject Collision.

28.

Any weight tickets for vehicles driven by Defendant Damyan for the thirty (30) days preceding the Subject Collision.

29.

Any weight tickets for the Subject Vehicle for the thirty (30) days preceding the Subject Collision.

30.

Any policy, procedure, or manuals in effect for Your drivers or employees on the day of the Subject Collision.

31.

Any training documents utilized by You or Your employees in effect on the day of the Subject Collision.

32.

Produce all documents, printouts of electronically stored information, or other tangible objects that would reflect the nature, weights, and destinations of any and all Loads transported by the Subject Vehicle from January 1, 2017 through and including the date of the Subject Collision. These objects include, but are not limited to, bills of lading, invoices, weight tickets, or post-accident weighing associated with the Load in question and the Subject Vehicle.

33.

Produce all documents, printouts of electronically stored information, or other tangible objects that would reflect the nature, weights, and destinations of any and all Loads transported and/or associated with trucks driven by Defendant Damyan from January 1, 2017 through and including the date of the Subject Collision. These objects include, but are not limited to, bills of lading, invoices, or weight tickets, associated with the Load in question.

34.

Produce any and all documents, printouts of electronically stored information, or other tangible objects that would reflect the nature, weights, and destinations of any and all Loads transported and/or associated with trucks driven by Defendant Damyan from January 1, 2017, including, but not limited to, bills of lading or invoices associated with the Load in question.

35.

Produce any and all documents, printouts of electronically stored information, video or audio recordings, or other tangible objects that would reflect the weight(s) of the Subject Vehicle and Load on the date of the Subject Collision.

## III.   REQUEST FOR ADMISSIONS

COMES NOW, Plaintiff in the above-captioned case, and hereby requests that Defendant DAMYAN'S CONSTRUCTION, LLC and its attorney, in full accordance with the applicable provisions of the Georgia Civil Practice Act, admit or deny the truth of the following statements of fact, opinions of fact, and applications of law to fact and to admit the genuineness of the documents described herein within forty-five (45) days of service hereof. Any denial shall fairly meet the substance of the requested admissions, and when good faith requires that a response be qualified or that only part of a request be denied, so much of each request as is true shall be admitted and only the remainder shall be qualified or denied. See O.C.G.A. § 9-11-36.

## REQUESTS

1.

Admit that Defendant Damyan was not an independent contractor for You at the time of the Subject Collision.

2.

Admit that Defendant Damyan was working within the scope of his employment for You at the time of the Subject Collision.

3.

Admit that the Subject Collision is the proximate cause of the injuries sustained by Plaintiff.

4.

Admit that no person or legal entity, other than those named in the style of this case, are proper parties to this litigation.

5.

Admit that the actions of Defendant Damyan at the time of the Subject Collision constituted negligence.

6.

Admit that no act or omission on the part of Plaintiff contributed to the Subject Collision.

7.

Admit that Plaintiff was not contributorily negligent in the Subject Collision.

8.

Admit that the Subject Collision was not the result of any mechanical failure on the part of the Subject Vehicle.

9.

Admit that the Subject Collision was not the result of any defective roadway conditions.

10.

Admit that You are the owner of the Subject Vehicle at the time of the Subject Collision.

11.

Admit that the Subject Vehicle was being driven by Defendant Damyan at the time of the Subject Collision.

12.

Admit that Defendant Damyan was operating the Subject Vehicle with Your express consent and knowledge.

13.

Admit that Defendant Damyan failed to maintain lane and failed to exercise due care while driving at the time of the Subject Collision.

14.

Admit that You were properly served with the Summons and Complaint in this matter.

15.

Admit that You are subject to the venue and jurisdiction of this Court.

16.

Admit that Defendant Damyan's Construction, LLC is a proper party to this action.

17.

Admit that Defendant Damyan's Construction, LLC received lawful notice of Plaintiff's claims pursuant to O.C.G.A. § 36-33-5.

This 8th day of December, 2021.

Respectfully submitted,

JOHN P. WEBB
GA State Bar No. 744349
*Attorney for Plaintiff*

SMITH, WELCH, WEBB & WHITE
280 Country Club Drive, Suite 300
Stockbridge, GA 30281
P: (770) 389-4864
F: (770) 389-5193
jwebb@smithwelchlaw.com

**IN THE STATE COURT OF BIBB COUNTY**

**STATE OF GEORGIA**

| | | |
|---|---|---|
| **CYNTHIA CORNELIUS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION** |
| | ) | |
| **IULIYAN DAMYAN, DAMYAN'S** | ) | **FILE NO. _____** |
| **CONSTRUCTION, LLC, and FEDERATED** | ) | |
| **MUTUAL INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFF'S FIRST CONTINUING INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSIONS TO DEFENDANT IULIYAN DAMYAN**

COMES NOW, CYNTHIA CORNELIUS, Plaintiff in the above-styled action, and hereby requires that Defendant IULIYAN DAMYAN answer separately, under oath and in writing the following interrogatories within forty-five (45) days from the date of service as provided by O.C.G.A. § 9-11-33 and that a copy of the answers be furnished to Plaintiff's attorney, John P. Webb, Smith, Welch, Webb & White, LLC, 280 Country Club Drive, Suite 300, Stockbridge, Georgia 30281.

## INSTRUCTIONS

A.   You are hereby required to answer all of the following interrogatories forty-five (45) days after service hereof, separately, under oath and in the form provided by law. To the extent that you contend that these interrogatories exceed any numerical restrictions imposed by Georgia law, you are to answer the first fifty (50) interrogatories. To the extent any information called for is objected to upon a claim of privilege, you must provide enough

information for the Court to adjudicate your claim of privilege in the form of a "privilege log" and provide said log to the undersigned at the time of serving your responses.

B.     As these interrogatories are continuing in nature, you are required to file a supplemental response upon the discovery of other or further information affecting your response.

C.     You are under a duty seasonably to supplement your response with respect to any question directly addressed to:

    (a)     the identity and location of persons having knowledge of discoverable matters; and,

    (b)     the identity of each person expected to be called as an expert witness at trial, the subject matter on which he/she is expected to testify and the substance of his/her testimony.

D.     You are under a duty seasonably to amend a prior response if you obtain information upon the basis of which:

    (a)     you know the response was incorrect when made; or,

    (b)     you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## DEFINITION OF TERMS

When used in these interrogatories, the following terms shall have the following Meanings, unless specifically provided otherwise:

A.   "Defendant Damyan", "You" or "Your" shall refer to **IULIYAN DAMYAN,** including all attorneys, agents, and representatives acting on his behalf.

2

B.  "Defendant Damyan's Construction" shall refer to **DAMYAN'S CONSTRUCTION, LLC.**

C.  "Defendant Federated Mutual" shall refer to **FEDERATED MUTUAL INSURANCE COMPANY.**

D.  "Defendants" collectively shall refer to **IULIYAN DAMYAN, DAMYAN'S CONSTRUCTION, LLC, and FEDERATED MUTUAL INSURANCE COMPANY** including all attorneys, agents, and representatives acting on its behalf.

E.  "Plaintiff" shall refer to **CYNTHIA CORNELIUS**.

F.  "Subject Collision" shall refer to **the collision referenced in Plaintiff's Complaint for Negligence, which occurred on December 13, 2019**.

G.  "Subject Vehicle" shall refer to **the 2011 GMC Sierra referenced in Plaintiff's Complaint for Negligence.**

H.  Whenever there is a request to "identify" an individual, please state: (a) his/her full name; (b) his/her present or last known business address and telephone number; (c) his/her present or last known position; and, (d) his/her position at the time in question in the particular interrogatory.

I.  Whenever there is a request to "identify" a business, organization or other entity not an individual, please state: (a) the full name of such known organization or entity; (b) the present address or an agent for service of process of the organization or entity; and, (c) the form of such organization.

J.  "Document" shall mean all written materials, sound recordings, films and other physical objects, the originals or copies of all correspondence, invoices, letters, memoranda, telegrams, handwritten notes, periodicals, pamphlets, reports, financial records, canceled

checks, deposit slips, bank statements, accounts, journals, ledger cards, profit and loss statements, financial statements, audited and unaudited, reports, audits, studies, working papers, corporate minutes, minute books, diaries, deeds, contracts, assignments, agreements, understandings, charts, papers, drafts, indices, data sheets, data processing cards, tapes, or any other physical object however produced or reproduced in the possession, custody or control of the entity herein served or its agents, attorneys or employees.

K.      When used in reference to a document, "identify" shall be a request to state: (a) a description of the type of document (e.g., letter, memorandum, telegram, etc.); and, (b) the identity of the person or persons who authorized, signed or prepared it.

Whenever there is a request to identify a document or communication, please state: (a) the date, nature (oral, written, typed, photographed, etc.) and purpose of each communication; (b) the place or places where the communication occurred; (c) the type of communication; (d) the substance of the communication; (e) the nature of each document relating or referring to, or comprising such communication; (f) the identity of each person who originated, received, and participated in such communication; and, (g) the identity of the present custodian of the document.

In lieu of identifying a particular document or report when such identification is requested, the original of such document or report (or a copy, if the original is not available) may, at your option, be attached to the response to these interrogatories; provided that any specific information required pursuant to the foregoing definition which is not fully set forth on the face of such document must be separately provided in response to the interrogatories.

4

L.    Whenever there is a request to identify an act or activity, please state: (a) each and every transaction or deed constituting the act or activity; (b) the date upon which the act or activity took place; (c) the place or places where the act or activity took place; and, (d) the identity of each person.

M.    Whenever there is a request to identify a meeting, please state: (a) the date, nature and purpose of the meeting; (b) the substance of the meeting; (c) the place of the meeting; (d) the identity of each person attending or participating in the meeting; and, (e) the identity of each document relating or referring to such meeting.

## I.    **INTERROGATORIES**

1.

State Your full name, birth date, marital status, and the names and addresses of any relatives You have in the county in which the above-captioned action is pending.

2.

State Your present and former residence addresses, including any apartment number, and the periods of time You lived at each for the previous five (5) years.

3.

State the name of every person who resided with You at Your residence on the date of the Subject Collision and Your relationship to them.

4.

Identify each of Your employers for the past five (5) years, the position and job duties You held with each employer, and the reason for Your change of employment.

5.

Identify each insurance company, including excess carriers and umbrella coverage, which

5

might be liable to satisfy all or part of any judgment which may be entered in this action, and for each insurer give the following information:

(a)    Name and address of company;

(b)    Limits of liability coverage;

(c)    Policy number; and

(d)    Name of insured.

6.

Please state where You had been during the six (6) hour period prior to the Subject Collision, where were You going at the time of the Subject Collision, and what time You were due to arrive at Your destination.

7.

What speed do You contend the vehicle in which You were driving was traveling at the time of the Subject Collision?

8.

State in detail Your version of how the Subject Collision occurred, including what You did to avoid the Subject Collision, and whether at the first moment You saw Plaintiff's vehicle it was stopped or moving, and its direction and speed if moving.

9.

Do You contend that an individual or entity not named as a party to this action contributed to the Subject Collision? If so, identify that individual or entity and state the factual basis and support of Your contention.

10.

Do You contend that an individual or entity not named as a party to this action is a real party in interest rather than any named party. If so, identify that individual or entity and state the factual basis and support of Your contention.

11.

Do You contend that the roadway conditions contributed to the Subject Collision? If so, state the factual basis and support of Your contention.

12.

Do You contend that Plaintiff contributed to the Subject Collision? If so, state the factual basis and support of Your contention.

13.

If You have ever been convicted of a crime, state the date, place and charges of which You were convicted, the date thereof of any conviction, the court in which such charges were brought, and the subsequent sentence arising out of each conviction.

14.

If within the twelve-hour (12-hour) period immediately preceding the Subject Collision You consumed any drug or alcoholic beverages, state the quantity consumed, the time it was consumed, and the place where it was consumed.

15.

Identify all persons who witnessed You consume any drug or alcoholic beverage within the twelve (12) hour period immediately preceding the Subject Collision.

16.

Did You have a valid driver's license at the time of the Subject Collision and does it remain valid? If so, were there any restrictions on said driver's license?

17.

If You have been involved in any other motor vehicle accidents, identify each accident by date, place and how said accident occurred and who was at fault in each accident.

18.

If You have been a party to any legal action (other than this action), please describe each such legal action, giving the date of each such legal action, the court in which it was brought, and the name of other parties to each such legal action.

19.

Identify all owners and lessors of the vehicle You were operating at the time of the Subject Collision.

20.

If You were not the servant, agent or employee of the owner of the vehicle You were operating at the time of the Subject Collision, state the circumstances under which You were operating the vehicle at the time of the Subject Collision.

21.

How long had You operated the Subject Vehicle?

22.

When did You make the last inspection of the Subject Vehicle prior to the Subject Collision?

23.

If at any time between the last inspection prior to the Subject Collision and the date of the Subject Collision, the vehicle You were driving had any mechanical defects, state the nature of the defects.

24.

What was the extent of damage to the vehicle You were driving, as a result of the Subject Collision, giving the time of loss of use, cost of repair, and who repaired the vehicle?

25.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to You who saw or claim they saw all or any part of the Subject Collision complained of in this action?

26.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to You who arrived at the scene of the Subject Collision complained of in this action immediately or shortly after its occurrence?

27.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all persons known to You having knowledge of relevant information, facts or circumstances in this action?

28.

Identify all persons who have furnished statements regarding the Subject Collision, signed or unsigned, to You, Your representative or attorney, and briefly state the contents of said statement.

9

29.

Pursuant to the provisions of O.C.G.A. § 9-11-28(b)(4)(A)(i), You are requested to identify each person whom You expect to call as an expert witness at trial, state the subject matter on which such expert is expected to testify, and state the substance of the facts and opinions to which the expert is excepted to testify and the summary of the grounds for each opinion.

30.

If You have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please identify and state specifically the name and address of each such expert.

31.

State the substance of every utterance made by You or to You at the scene of the accident, and identify the speaker by name, if known, or by any other facts which might lead to the discovery of the speaker's identity.

32.

If You received a citation of any sort as a result of the Subject Collision, state the nature of same, the disposition made and the court involved. If the citation was dismissed, please state the reason for the issuing agency's dismissal.

33.

If You received a traffic citation in the past ten (10) years, please state the citing agency, the date, place and charges made in each such citation, and state the disposition that resulted in each citation.

34.

Were You using a cell phone at the time of the Subject Collision?

35.

Please provide the cellular telephone number, the name of the carrier and the name on the account of any cell phone owned or used by You on the date of the Subject Collision.

36.

Identify each person You spoke with on the cell phone on December 13, 2019, and the time that You spoke with them.

37.

Were You hurt as a result of the Subject Collision?  If so, please describe Your injuries and any treatment You received as a result of said injuries.

38.

Identify whether or not You have ever been advised of unsafe driving habits for instances that did not involve a citation or a warning.

39.

If Your response to Interrogatory No. 38 was in the affirmative, please describe the unsafe driving and the date on which it occurred and any and all witnesses who may have observed the unsafe driving habits.

40.

If Your response to any of Plaintiff's Request for Admissions was anything other than an unqualified admission, give the factual basis supporting Your response.

41.

Were You working or performing any task for the benefit of an employer at the time of the Subject Collision? If so, please identify the employer and the task performed.

42.

Please identify, including the website address, Your Facebook page(s) (Facebook.com), Linkedin page(s) (Linkedin.com), Myspace page(s) (Myspace.com), yfrog page(s) (yfrog.com), Instagram page(s) (Instagram.com), Twitter page(s) (Twitter.com), Google+ page(s) (Google.com), Foursquare page(s) (Foursquare.com) or any other social media website, or any other blog or website concerning, used by, or created by You.

43.

Were You Familiar with the general area where the Subject Collision occurred?

44.

Identify and describe each and every action of Plaintiff that You claim allegedly caused Plaintiff to unreasonably be exposed to a foreseeable risk of injury.

45.

Please explain in detail any knowledge You have regarding the Plaintiff's injuries, including but not limited to, a full description of Plaintiff's injuries, the extent of Plaintiff's injuries, the cause of Plaintiff's injuries, Plaintiff's current condition, and the source of Your knowledge regarding Plaintiff's injuries.

46.

Identify every act, event, and/or fact which supports each affirmative defense that You raise.

12

47.

Identify each and every person who prepared, provided information, or assisted in the preparation of the responses to these Interrogatories. Please include the full name, present or last known residence address, present or last known employment or business address (including the name of the business and the position held), and the present or last known business and telephone numbers of each person identified.

## II.    **DOCUMENTS PRODUCTION REQUESTS**

You are hereby notified to produce, pursuant to O.C.G.A. § 24-10-26, at the time of any deposition, at any interlocutory hearing or motion hearing, and at final trial of this case, the documents and records listed below, for use by Plaintiff as evidence.

Plaintiff in the above-captioned case hereby requests Defendant IULIYAN DAMYAN to produce and permit Plaintiff, or someone acting on Plaintiff's behalf, to inspect and copy the following designated documents (including writings, drawings, graphs, charts, photographs and other data compilations from which information can be obtained or translated, if necessary, by Defendant IULIYAN DAMYAN through detection devices into a reasonably usable form) to inspect and copy, test or sample any of the following designated tangible things, which constitute or contain matters within the scope of Rule 26b of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(b), and which are in the possession, custody or control of the party whom these requests are served.

You are further hereby notified to produce, pursuant to O.C.G.A. § 9-11-34, the following documents and records for inspection and copying, at the office of John P. Webb, attorney for Plaintiff, Smith, Welch, Webb & White, LLC, 280 Country Club Drive, Suite 300, Stockbridge, Georgia, 30281, on the 45th day following service of this request for production.

13

NOTE A:      Should any document or thing herein requested come into existence or become known to you or your attorney subsequent to your receipt of this request or subsequent to the inspection or other means of producing said documents or things herein below requested, this request shall be deemed to be continuing in nature.

NOTE B:      As an alternative to producing the documents or other evidence of writing herein below designated at the time, date and place above specified, you may Photostat true, correct and genuine copies of such requested documents or other evidence of writing and attach same to your formal response to the within and foregoing Request for Production and serve same upon the undersigned counsel within forty-five (45) days from the date of service of this request.

<b><u>DOCUMENT PRODUCTION REQUESTS</u></b>

1.

In the event that You were licensed to operate a motor vehicle at the time of the collision referred to in the Complaint in this action, or are presently licensed to operate a motor vehicle, please produce, as hereinabove requested, Your driver's license(s) or an accurate and legible photostatic copy thereof.

2.

Please produce, as hereinabove requested, a copy of You driving record for the past seven (7) years. In lieu of providing a copy of Your driving record, You may sign and return the attached Georgia Motor Vehicle Record Release form.

3.

Please produce, as hereinabove requested, any and all documents and reports concerning the Subject Collision, including any that were prepared by You or on Your behalf.

14

4.

Please produce, as hereinabove requested, any and all damage appraisals and repair invoices of the vehicle driven by You in the Subject Collision.

5.

Please produce, as hereinabove requested, the title to the vehicle driven by You at the time of the Subject Collision, or the lease papers or contracts if said vehicle was not owned by You.

6.

Please produce, as hereinabove requested, all equipment and maintenance records on the vehicle driven by You in the Subject Collision.

7.

Please produce, as hereinabove requested, any and all written or recorded statements made by any witness, party or other person having relevant information or knowledge of any fact or circumstance in this action.

8.

Please produce, as hereinabove requested, all surveillance movies or photographs which have been made of Plaintiff in reference to the Subject Collision.

9.

Please produce, as hereinabove requested, any and all reports, whether written or otherwise recorded, made by any expert or experts who has been retained or otherwise employed by You in anticipation of litigation or preparation for trial in this action.

15

10.

Please produce, as hereinabove requested, any and all insurance agreements, contracts, and/or policies under which any person or corporation carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including but not limited to any liability insurance policy covering You or the automobile being driven by You at the time of the Subject Collision.

11.

Please produce copies of the declaration pages and policy provisions of those insurance policies identified by this Defendant in response to Plaintiff's Interrogatories, and a copy of any reservation of rights letter or instrument of any other kind which in any way purports to reserve the rights of insurers to contest the issue of providing defense or coverage for the claims made in Plaintiff's Complaint.

12.

Please produce, as hereinabove requested, all settlement agreements, in which You have arrived at a settlement or agreement between You and any other person, whether or not a party to this action, regarding or pertaining to the Subject Collision or any damages resulting therefrom.

13.

Please produce, as hereinabove requested, any and all documents relating to any fact or circumstance that supports, contradicts, or evidences Your defenses against Plaintiff's claims.

14.

Produce any and all documents which You relied on, consulted, or reviewed in responding to Plaintiff's First Interrogatories to You.

16

15.

Produce any and all documents which You identified or referenced in responding to Plaintiff's First Interrogatories to You.

16.

Please produce, as hereinabove requested, any and all medical reports, records, invoices, statements, bills, diagnoses, and documents referencing any complaint of any kind that sets forth any injuries or physical harm You sustained, received or incurred as a result of the Subject Collision.

17.

Please produce any photographs, drawings, and sketches of the scene of the Subject Collision, any vehicle or other physical object involved in Subject Collision, or any person (including any party to this lawsuit) involved in the Subject Collision; and for each photograph, drawing and sketch, identify the date made, by whom it was made, the form (whether photographic print, transparency, diagram, plat, etc.), the subject represented, all facts represented or shown, and the present name and location of the person having possession, custody or control of the photograph, drawing and sketch.

18.

Please produce, as requested hereinabove, each and every document related to any cell phone(s) in the vehicle You were operating that was involved in the Subject Collision at the time of the Subject Collision, including but not limited to, any and all documents that reference any incoming calls, any phone numbers of any incoming calls, any outgoing calls, any phone numbers of any outgoing calls, and/or any and all other communications (either by voice or any other method such as texting, messaging, chatting, etc.) made or received at the time of the

17

Subject Collision and/or within one (1) hour prior to or subsequent to the Subject Collision via that cell phone(s).

19.

For each Facebook account maintained by You, produce Your account data for the period of one year prior to the occurrence through the present. You may download and print Your Facebook data by logging onto Your Facebook account, selecting "Account Settings" under the "Account" tab on Your Home Page, clicking on the "Learn More" link beside the "Download Your Information" tab, and following the directions on the "Download Your Information" page.

20.

For each internet social media website or blog You identified in response to Interrogatory No. 41, please produce Your account data for the period of one year prior to the occurrence through the present.

### III.   **REQUEST FOR ADMISSIONS**

COMES NOW, Plaintiff in the above-captioned case, and hereby requests that Defendant IULIYAN DAMYAN and his attorney, in full accordance with the applicable provisions of the Georgia Civil Practice Act, admit or deny the truth of the following statements of fact, opinions of fact, and applications of law to fact and to admit the genuineness of the documents described herein within forty-five (45) days of service hereof. Any denial shall fairly meet the substance of the requested admissions, and when good faith requires that a response be qualified or that only part of a request be denied, so much of each request as is true shall be admitted and only the remainder shall be qualified or denied.  See O.C.G.A. § 9-11-36.

## **REQUESTS**

1.

Admit that on December 13, 2019, at approximately 11:00 P.M., Plaintiff was traveling southbound in a 2009 Acura TL on Interstate 75 at mile marker 199 in the left lane in Lamar County, Georgia when the Subject Collision occurred.

2.

Admit that on December 13, 2019, at approximately 11:00 P.M., You, in the scope of Your employment with Defendant Damyan Construction, were driving a 2011 GMC Sierra also traveling southbound on Interstate 75 at mile marker 199 in the center lane of travel in Lamar County, Georgia when the Subject Collision occurred.

3.

Admit that on December 13, 2019, at approximately 11:00 P.M., You negligently failed to maintain Your lane of travel and struck the passenger's side of Plaintiff's vehicle, causing an impact.

4.

Admit that on December 13, 2019, at approximately 11:00 P.M., You did not stop after striking Plaintiff's vehicle and had to be signaled to move off the roadway to stop for the collision.

5.

Admit that on December 13, 2019, at approximately 11:00 P.M., You failed to exercise due care and caused damages to the vehicle occupied by Plaintiff.

6.

Admit that Your negligence is the cause of the Subject Collision, between Your vehicle and the vehicle occupied by Plaintiff.

19

7.

Admit that the Subject Collision is the proximate cause of injuries sustained by Plaintiff.

8.

Admit that You were in fact guilty of the offense of Failing to Maintain Lane, in violation of O.C.G.A. § 40-6-48.

9.

Admit that You were in fact guilty of the offense of Failing Exercise Due Care in violation of O.C.G.A. § 40-6-241, in connection with the Subject Collision.

10.

Admit that because of the Subject Collision, You were cited with Failure to Maintain Lane, in violation of O.C.G.A. § 40-6-48, in connection with the Subject Collision.

11.

Admit that from the date of the Subject Collision until the present, Plaintiff has not faked or exaggerated her injuries or symptoms on any occasion.

This 8th day of December, 2021.

Respectfully submitted,

JOHN P. WEBB
GA State Bar No. 744349
*Attorney for Plaintiff*

SMITH, WELCH, WEBB & WHITE
280 Country Club Drive, Suite 300
Stockbridge, GA 30281
(770) 389-4864 (telephone)
(770) 389-5193 (facsimile)
jwebb@smithwelchlaw.com

20

## IN THE STATE COURT OF BIBB COUNTY

## STATE OF GEORGIA

| | | |
|---|---|---|
| **CYNTHIA CORNELIUS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL ACTION** |
| | ) | |
| **IULIYAN DAMYAN, DAMYAN'S** | ) | **FILE NO. _____** |
| **CONSTRUCTION, LLC, and FEDERATED** | ) | |
| **MUTUAL INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST CONTINUING INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSIONS TO DEFENDANT FEDERATED MUTUAL INSURANCE COMPANY

COMES NOW, CYNTHIA CORNELIUS, Plaintiff in the above-styled action, and hereby requires that Defendant FEDERATED MUTUAL INSURANCE COMPANY answer separately, under oath and in writing the following interrogatories within forty-five (45) days from the date of service as provided by O.C.G.A. § 9-11-33 and that a copy of the answers be furnished to Plaintiff's attorney, John P. Webb, Smith, Welch, Webb & White, LLC, 280 Country Club Drive, Suite 300, Stockbridge, Georgia 30281.

## INSTRUCTIONS

A.      You are hereby required to answer all of the following interrogatories forty-five (45) days after service hereof, separately, under oath and in the form provided by law. To the extent that you contend that these interrogatories exceed any numerical restrictions imposed by Georgia law, you are to answer the first fifty (50) interrogatories. To the extent any information called for is objected to upon a claim of privilege, you must provide enough information for the Court to adjudicate your claim of privilege in the

form of a "privilege log" and provide said log to the undersigned at the time of serving your responses.

B.     As these interrogatories are continuing in nature, you are required to file a supplemental response upon the discovery of other or further information affecting your response.

C.     You are under a duty seasonably to supplement your response with respect to any question directly addressed to:

> (a)     the identity and location of persons having knowledge of discoverable matters; and,

> (b)     the identity of each person expected to be called as an expert witness at trial, the subject matter on which he/she is expected to testify and the substance of his/her testimony.

D.     You are under a duty seasonably to amend a prior response if you obtain information upon the basis of which:

> (a)     you know the response was incorrect when made; or,

> (b)     you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

### DEFINITION OF TERMS

When used in these interrogatories, the following terms shall have the following Meanings, unless specifically provided otherwise.

A.     "Defendant Federated Mutual", "You" or "Your" shall refer to **FEDERATED MUTUAL INSURANCE COMPANY**, and its directors, officers, employers,

agents, counsel, servants, associates, successors, assigns, representatives, accountants, private investigators and all other persons acting or purporting to act on its behalf;

B.   "Defendant Damyan's Construction", "You" or "Your" shall refer to **DAMYAN'S CONSTRUCTION, LLC**.

C.   "Defendant Damyan" shall refer to **IULIYAN DAMYAN**.

D.   "Defendants" collectively shall refer to **IULIYAN DAMYAN, DAMYAN'S CONSTRUCTION, LLC, and FEDERATED MUTUAL INSURANCE COMPANY**.

E.   "Plaintiff" shall refer to **CYNTHIA CORNELIUS**.

E.   "Subject Collision" shall refer to **the collision referenced in Plaintiff's Complaint, which occurred on December 13, 2019**.

F.   "Subject Vehicle" shall refer to the **2011 GMC Sierra** referenced in Plaintiff's Complaint.

G.   Whenever there is a request to "identify" an individual, please state:  (a)  his/her full name;  (b)  his/her present or last known business address and telephone number;  (c)  his/her present or last known position; and,  (d)  his/her position at the time in question in the particular interrogatory.

H.   Whenever there is a request to "identify" a business, organization or other entity not an individual, please state: (a) the full name of such known organization or entity; (b) the present address or an agent for service of process of the organization or entity; and, (c) the form of such organization.

3

I.     "Document" shall mean all written materials, sound recordings, films and other physical objects, the originals or copies of all correspondence, invoices, letters, memoranda, telegrams, handwritten notes, periodicals, pamphlets, reports, financial records, canceled checks, deposit slips, bank statements, accounts, journals, ledger cards, profit and loss statements, financial statements, audited and unaudited, reports, audits, studies, working papers, corporate minutes, minute books, diaries, deeds, contracts, assignments, agreements, understandings, charts, papers, drafts, indices, data sheets, data processing cards, tapes, or any other physical object however produced or reproduced in the possession, custody or control of the entity herein served or its agents, attorneys or employees.

J.     When used in reference to a document, "identify" shall be a request to state: (a) a description of the type of document (e.g., letter, memorandum, telegram, etc.); and, (b) the identity of the person or persons who authorized, signed or prepared it.

Whenever there is a request to identify a document or communication, please state: (a) the date, nature (oral, written, typed, photographed, etc.) and purpose of each communication; (b) the place or places where the communication occurred; (c) the type of communication; (d) the substance of the communication; (e) the nature of each document relating or referring to, or comprising such communication; (f) the identity of each person who originated, received, and participated in such communication; and, (g) the identity of the present custodian of the document.

In lieu of identifying a particular document or report when such identification is requested, the original of such document or report (or a copy, if the original is not

4

available) may, at your option, be attached to the response to these interrogatories; provided that any specific information required pursuant to the foregoing definition which is not fully set forth on the face of such document must be separately provided in response to the interrogatories.

K.     Whenever there is a request to identify an act or activity, please state:  (a) each and every transaction or deed constituting the act or activity; (b) the date upon which the act or activity took place; (c) the place or places where the act or activity took place; and, (d) the identity of each person.

L.     Whenever there is a request to identify a meeting, please state: (a) the date, nature and purpose of the meeting; (b) the substance of the meeting; (c) the place of the meeting; (d) the identity of each person attending or participating in the meeting; and, (e) the identity of each document relating or referring to such meeting.

## I.     **INTERROGATORIES**

1.

For each named Defendant, identify each insurance policy, including umbrella coverages, which might be liable to satisfy all or part of any judgment which may be entered in this action, and for each policy give the following information:

(a)     Limits of coverage;

(b)     Policy number;

(c)     Name of insured; and

(d)     Identify the date on which each policy was issued.

2.

Identify by name, address, and telephone number all individuals with personal knowledge of the facts giving rise to the Subject Collision.

3.

Identify any expert witnesses You intend to call forward at a trial.

4.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to You who arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence?

5.

Identify all persons who have furnished statements regarding the Subject Collision, signed or unsigned, to You, Your representative or attorney, and briefly state the contents of said statement.

6.

Pursuant to the provisions of O.C.G.A. § 9-11-28(b)(4)(A)(i), You are requested to identify each person whom You expect to call as an expert witness at trial, state the subject matter on which such expert is expected to testify, and state the substance of the facts and opinions to which the expert is excepted to testify and the summary of the grounds for each opinion.

7.

If You have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please identify and state specifically the name and address of each such expert.

8.

State in detail Your version of how the Subject Collision occurred.

9.

To Your knowledge, information or belief, are there any photographs or drawings of the scene of the Subject Collision, any vehicle or other physical object involved in the Subject Collision, or any person (including any party) involved in the Subject Collision? If so, please describe each individual photograph or drawing with specificity, including but not limited to, the date made, by whom it was made, the form (whether photographic print, transparency, diagram, plat, etc.), the subject represented, all facts represented or shown, and the present location and the name of the person having possession, custody or control.

10.

If You contend that Defendant Damyan's Construction is not an insured under Your motorist policy, or if you have any other defenses, contractual or otherwise, please state the factual basis for your defense.

## II.   **REQUEST FOR DOCUMENT PRODUCTION**

You are hereby notified to produce, pursuant to O.C.G.A. § 24-10-26, at the time of any deposition, at any interlocutory hearing or motion hearing, and at final trial of this case, the documents and records listed below, for use by Plaintiff as evidence.

Plaintiff in the above-captioned case hereby requests **FEDERATED MUTUAL INSURANCE COMPANY** to produce and permit Plaintiff, or someone acting on Plaintiff's behalf, to inspect and copy the following designated documents (including writings, drawings, graphs, charts, photographs and other data compilations from which

7

information can be obtained or translated, if necessary, by the respondent through detection devices into a reasonably usable form) to inspect and copy, test or sample any of the following designated tangible things, which constitute or contain matters within the scope of Rule 26b of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(b), and which are in the possession, custody or control of the party whom these requests are served.

You are further hereby notified to produce, pursuant to O.C.G.A. § 9-11-34, the following documents and records for inspection and copying, at the office of John P. Webb, Esq., attorney for Plaintiff, Smith, Welch, Webb & White, 280 Country Club Drive, Suite 300, Stockbridge, Georgia, 30281, on the 45th day following service of this request for production.

NOTE A:     Should any document or thing herein requested come into existence or become known to you or your attorney subsequent to your receipt of this request or subsequent to the inspection or other means of producing said documents or things herein below requested, this request shall be deemed to be continuing in nature.

NOTE B:     As an alternative to producing the documents or other evidence of writing herein below designated at the time, date and place above specified, you may Photostat true, correct and genuine copies of such requested documents or other evidence of writing and attach same to your formal response to the within and foregoing Request for Production and serve same upon the undersigned counsel within forty-five (45) days from the date of service of this request.

## REQUESTS

1.

Please produce, as hereinabove requested, any and all insurance agreements, contracts, and/or policies under which any person or corporation carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including, but not limited to, any uninsured/underinsured motorist insurance policy covering Defendant Damyan's Construction at the time of the Subject Collision.

2.

Please produce, as hereinabove requested, any and all written or recorded statements made by any witness, party or other person having relevant information or knowledge of any fact or circumstance in this action.

3.

Please produce, as hereinabove requested, all surveillance movies or photographs which have been made of Plaintiff in reference to the Subject Collision.

4.

Please produce, as hereinabove requested, any and all reports, whether written or otherwise recorded, made by any expert or experts who has been retained or otherwise employed by You in anticipation of litigation or preparation for trial in this action.

5.

Please produce, as hereinabove requested, all settlement agreements, in which You have arrived at a settlement or agreement between You and any other person,

9

whether or not a party to this action, regarding or pertaining to the Subject Collision or any damages resulting therefrom.

6.

Provide a copy of the original application for any insurance coverage by You that resulted in the issuance of Policy Number 6080769.

7.

Produce any documents referenced or reviewed by You to respond to Plaintiff's First Interrogatories to You.

8.

Produce any documents identified in response to Plaintiff's First Interrogatories to You.

## REQUESTS FOR ADMISSIONS

**COMES NOW** Plaintiff, and hereby requests that Defendant **FEDERATED MUTUAL INSURANCE COMPANY** and its attorney, in full accordance with the applicable provisions of the Georgia Civil Practice Act, admit or deny the truth of the following statements of fact, opinions of fact, and applications of law to fact and to admit the genuineness of the documents described herein within thirty (45) days of service hereof. Any denial shall fairly meet the substance of the requested admissions, and when good faith requires that a response be qualified or that only part of a request be denied, so much of each request as is true shall be admitted and only the remainder shall be qualified or denied. See O.C.G.A. § 9-11-36.

## REQUESTS

1.

Admit that Defendants Iuliyan Damyan and Damyan's Construction, LLC had coverage with you, with applicable coverage in the aggregate amount of $1,000,000.00 at the time of the Subject Collision.

2.

Admit that Plaintiff does not have to tender the policy or policies at trial to establish her right to recover under the provisions of its policy with you at the time of the Subject Collision.

This 8th day of December, 2021.

Respectfully submitted,

JOHN P. WEBB
GA State Bar No. 744349
Attorney for Plaintiff

SMITH, WELCH, WEBB & WHITE
280 Country Club Drive, Suite 300
Stockbridge, GA 30281
P: (770) 389-4864
F: (770) 389-5193
jwebb@smithwelchlaw.com

11

## IN THE STATE COURT OF BIBB COUNTY

### STATE OF GEORGIA

CYNTHIA CORNELIUS,                    )
                                      )
    Plaintiff,                     )
                                      )
vs.                                   )          **CIVIL ACTION**
                                      )
IULIYAN DAMYAN, DAMYAN'S              )          **FILE NO. _____**
CONSTRUCTION, LLC, and FEDERATED )
MUTUAL INSURANCE COMPANY,             )
                                      )
    <u>Defendants.</u>              )

### PLAINTIFF'S FIRST CONTINUING INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS TO UNNAMED DEFENDANT PROGRESSIVE PREMIER INSURANCE COMPANY OF ILLINOIS

      COMES NOW, ALEXIS CROMARTIE, Plaintiff in the above-styled action, and hereby requires that Unnamed Defendant PROGRESSIVE PREMIER INSURANCE COMPANY OF ILLINOIS ("Progressive") answer separately, under oath and in writing the following interrogatories within forty-five (45) days from the date of service as provided by O.C.G.A. § 9-11-33 and that a copy of the answers be furnished to Plaintiff's attorney, John P. Webb, Esq., at the law firm of Smith, Welch, Webb & White, LLC located at 280 Country Club Drive, Suite 300, Stockbridge, Georgia 30281.

### <u>INSTRUCTIONS</u>

A. You are hereby required to answer all of the following interrogatories forty-five (45) days after service hereof, separately, under oath and in the form provided by law. To the extent that you contend that these interrogatories exceed any numerical restrictions imposed by Georgia law, you are to answer the first fifty (50) interrogatories. To the extent any information called for is objected to upon a claim of

privilege, you must provide enough information for the Court to adjudicate your claim of privilege in the form of a "privilege log" and provide said log to the undersigned at the time of serving your responses.

B. As these interrogatories are continuing in nature, you are required to file a supplemental response upon the discovery of other or further information affecting your response.

C. You are under a duty seasonably to supplement your response with respect to any question directly addressed to:

    (a)    the identity and location of persons having knowledge of discoverable matters; and,

    (b)    the identity of each person expected to be called as an expert witness at trial, the subject matter on which he/she is expected to testify and the substance of his/her testimony.

D. You are under a duty seasonably to amend a prior response if you obtain information upon the basis of which:

    (a)    you know the response was incorrect when made; or,

    (b)    you know that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

## DEFINITION OF TERMS

When used in these interrogatories, the following terms shall have the following Meanings, unless specifically provided otherwise.

2

A. "Progressive", "You" or "Your" shall refer to **PROGRESSIVE PREMIER INSURANCE COMPANY OF ILLINOIS** and its directors, officers, employers, agents, counsel, servants, associates, successors, assigns, representatives, accountants, private investigators and all other persons acting or purporting to act on its behalf.

B. "Defendant Damyan" shall refer to **IULIYAN DAMYAN.**

C. "Defendant Damyan's Construction" shall refer to **DAMYAN'S CONSTRUCTION, LLC.**

D. "Defendant Federated Mutual" shall refer to **FEDERATED MUTUAL INSURANCE COMPANY.**

E. "Defendants" collectively shall refer to **IULIYAN DAMYAN, DAMYAN'S CONSTRUCTION, LLC, and FEDERATED MUTUAL INSURANCE COMPANY**.

F. "Plaintiff" shall refer to **CYNTHIA CORNELIUS.**

G. "Subject Collision" shall refer to **the collision referenced in Plaintiff's Complaint for Negligence, which occurred on December 13, 2019**.

H. Whenever there is a request to "identify" an individual, please state: (a) his/her full name; (b) his/her present or last known business address and telephone number; (c) his/her present or last known position; and, (d) his/her position at the time in question in the particular interrogatory.

I. Whenever there is a request to "identify" a business, organization or other entity not an individual, please state: (a) the full name of such known organization or

entity; (b) the present address or an agent for service of process of the organization or entity; and (c) the form of such organization.

J.  "Document" shall mean all written materials, sound recordings, films and other physical objects, the originals or copies of all correspondence, invoices, letters, memoranda, telegrams, handwritten notes, periodicals, pamphlets, reports, financial records, canceled checks, deposit slips, bank statements, accounts, journals, ledger cards, profit and loss statements, financial statements, audited and unaudited, reports, audits, studies, working papers, corporate minutes, minute books, diaries, deeds, contracts, assignments, agreements, understandings, charts, papers, drafts, indices, data sheets, data processing cards, tapes, or any other physical object however produced or reproduced in the possession, custody or control of the entity herein served or its agents, attorneys or employees.

K.  When used in reference to a document, "identify" shall be a request to state: (a) a description of the type of document (e.g., letter, memorandum, telegram, etc.); and, (b) the identity of the person or persons who authorized, signed or prepared it.

Whenever there is a request to identify a document or communication, please state: (a)  the date, nature (oral, written, typed, photographed, etc.) and purpose of each communication; (b)  the place or places where the communication occurred; (c)  the type of communication; (d)  the substance of the communication; (e)  the nature of each document relating or referring to, or comprising such communication; (f)  the identity of each person who originated, received, and participated in such communication; and,  (g)  the identity of the present custodian of the document.

4

In lieu of identifying a particular document or report when such identification is requested, the original of such document or report (or a copy, if the original is not available) may, at your option, be attached to the response to these interrogatories; provided that any specific information required pursuant to the foregoing definition which is not fully set forth on the face of such document must be separately provided in response to the interrogatories.

J.      Whenever there is a request to identify an act or activity, please state: (a) each and every transaction or deed constituting the act or activity; (b) the date upon which the act or activity took place; (c) the place or places where the act or activity took place; and, (d) the identity of each person.

K.      Whenever there is a request to identify a meeting, please state: (a) the date, nature and purpose of the meeting; (b) the substance of the meeting; (c) the place of the meeting; (d) the identity of each person attending or participating in the meeting; and, (e) the identity of each document relating or referring to such meeting.

## I.      **INTERROGATORIES**

1.

Identify each insurance policy, including umbrella coverages, which might be liable to satisfy all or part of any judgment which may be entered in this action, and for each

give the following information:

    (a)      Limits of coverage;

    (b)      Policy number;

    (c)      Name of insured; and

    (d)      Identify the date on which each policy was issued.

2.

Identify by name, address, and telephone number all individuals with personal knowledge of the facts giving rise to the Subject Collision.

3.

Identify any expert witnesses You intend to call forward at a trial.

4.

What are the names, addresses, home telephone numbers, places of employment and present whereabouts of all witnesses known to You who arrived at the scene of the occurrence complained of in this action immediately or shortly after its occurrence?

5.

Identify all persons who have furnished statements regarding the Subject Collision, signed or unsigned, to You, Your representative or attorney, and briefly state the contents of said statement.

6.

Pursuant to the provisions of O.C.G.A. § 9-11-28(b)(4)(A)(i), You are requested to identify each person whom You expect to call as an expert witness at trial, state the subject matter on which such expert is expected to testify, and state the substance of the facts and opinions to which the expert is excepted to testify and the summary of the grounds for each opinion.

7.

If You have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please identify and state specifically the name and address of each such expert.

8.

State in detail Your version of how the Subject Collision occurred.

9.

To Your knowledge, information or belief, are there any photographs or drawings of the scene of the Subject Collision, any vehicle or other physical object involved in the Subject Collision, or any person (including any party) involved in the Subject Collision? If so, please describe each individual photograph or drawing with specificity, including but not limited to, the date made, by whom it was made, the form (whether photographic print, transparency, diagram, plat, etc.), the subject represented, all facts represented or shown, and the present location and the name of the person having possession, custody or control.

10.

State affirmatively whether or not there was a written rejection of uninsured motorist coverage for an amount that is equal to bodily injury coverage.

11.

If You contend that Plaintiff is not insured under Your uninsured motorist policy, or if you have any other defenses, contractual or otherwise, please state the factual basis for your defense.

12.

Sate in detail Your relationship with Progressive Premier Insurance Company of Illinois.

## II.    DOCUMENTS PRODUCTION REQUESTS

You are hereby notified to produce, pursuant to O.C.G.A. § 24-10-26, at the time of any deposition, at any interlocutory hearing or motion hearing, and at final trial of this case, the documents and records listed below, for use by Plaintiff as evidence.

7

Plaintiff in the above-captioned case hereby requests Unnamed Defendant PROGRESSIVE PREMIER INSURANCE COMPANY OF ILLINOIS to produce and permit Plaintiff, or someone acting on Plaintiff's behalf, to inspect and copy the following designated documents (including writings, drawings, graphs, charts, photographs and other data compilations from which information can be obtained or translated, if necessary, by PROGRESSIVE PREMIER INSURANCE COMPANY OF ILLINOIS through detection devices into a reasonably usable form) to inspect and copy, test or sample any of the following designated tangible things, which constitute or contain matters within the scope of Rule 26b of the Georgia Civil Practice Act, O.C.G.A. § 9-11-26(b), and which are in the possession, custody or control of the party whom these requests are served.

You are further hereby notified to produce, pursuant to O.C.G.A. § 9-11-34, the following documents and records for inspection and copying, at the office of John P. Webb, attorney for Plaintiff, Smith, Welch, Webb & White, LLC, 280 Country Club Drive, Suite 300, Stockbridge, Georgia, 30281, on the 45th day following service of this request for production.

NOTE A:      Should any document or thing herein requested come into existence or become known to you or your attorney subsequent to your receipt of this request or subsequent to the inspection or other means of producing said documents or things herein below requested, this request shall be deemed to be continuing in nature.

NOTE B:      As an alternative to producing the documents or other evidence of writing herein below designated at the time, date and place above specified, you may Photostat true, correct and genuine copies of such requested documents or other evidence of writing

8

and attach same to your formal response to the within and foregoing Request for Production and serve same upon the undersigned counsel within forty-five (45) days from the date of service of this request.

## **DOCUMENT REQUESTS**

1.

Please produce, as hereinabove requested, any and all insurance agreements, contracts, and/or policies under which any person or corporation carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, including, but not limited to, any uninsured/underinsured motorist insurance policy covering Plaintiff at the time of the Subject Collision.

2.

Please produce, as hereinabove requested, any and all written or recorded statements made by any witness, party or other person having relevant information or knowledge of any fact or circumstance in this action.

3.

Please produce, as hereinabove requested, all surveillance movies or photographs which have been made of Plaintiff in reference to the Subject Collision.

4.

Please produce, as hereinabove requested, any and all reports, whether written or otherwise recorded, made by any expert or experts who has been retained or otherwise employed by You in anticipation of litigation or preparation for trial in this action.

9

5.

Please produce, as hereinabove requested, all settlement agreements, in which You have arrived at a settlement or agreement between You and any other person, whether or not a party to this action, regarding or pertaining to the Subject Collision or any damages resulting therefrom.

6.

Provide a copy of the original application for any insurance coverage by Progressive Premier Insurance Company of Illinois that resulted in the issuance of Policy Number 917964846.

7.

Provide copies of any and all documents evidencing a written rejection of uninsured motorist coverage in an amount that is equal to bodily injury coverage for the above-stated policy.

8.

Produce any and all documents which You relied on, consulted, or reviewed in responding to Plaintiff's First Interrogatories to You.

9.

Produce any and all documents which You identified or referenced in responding to Plaintiff's First Interrogatories to You.

### III.    REQUEST FOR ADMISSIONS

Comes now, Plaintiff in the above-styled action, and hereby requires that Unnamed Defendant PROGRESSIVE PREMIER INSURANCE COMPANY OF ILLINOIS and its attorney, in full accordance with the applicable provisions of the

Georgia Civil Practice Act, admit or deny the truth of the following statements of fact, opinions of fact, and applications of law to fact and to admit the genuineness of the documents described herein within forty-five (45) days of service hereof. Any denial shall fairly meet the substance of the requested admissions, and when good faith requires that a response be qualified or that only part of a request be denied, so much of each request as is true shall be admitted and only the remainder shall be qualified or denied. See O.C.G.A. § 9-11-36.

## **ADMISSION REQUESTS**

1.

Admit that Plaintiff has UM coverage with Progressive Premier Insurance Company of Illinois, with applicable coverage in the aggregate amount of $25,000.00 per person, at the time of the Subject Collision.

2.

Admit that Plaintiff does not have to tender the policy or policies at trial to establish her right to recover under the UM provisions of the policy with Progressive Premier Insurance Company of Illinois, at the time of the Subject Collision.

3.

Admit that Progressive Premier Insurance Company of Illinois is the real party of interest as Plaintiff's uninsured/underinsured motorist carry at the time of the Subject Collision.

This 8th day of December, 2021.

Respectfully submitted,

JOHN P. WEBB

11

GA State Bar No. 744349
Attorney for Plaintiff

**SMITH, WELCH, WEBB & WHITE, LLC**
280 Country Club Drive, Suite 300
Stockbridge, GA 30281
Phone: (770) 389-4864
Fax: (770) 389-5193
jwebb@smithwelchlaw.com

**EFILED IN OFFICE**
CLERK OF STATE COURT
BIBB COUNTY, GEORGIA

**21-SCCV-093653**
JBH
DEC 08, 2021 03:47 PM

Patricia M. Graves-Clerk of State Court
Bibb County, Georgia

## IN THE STATE COURT OF BIBB COUNTY

### STATE OF GEORGIA

CYNTHIA CORNELIUS,        )
                                )

    **Plaintiff,**          )
                                )

**vs.**                             )     **CIVIL ACTION**
                                )

**IULIYAN DAMYAN, DAMYAN'S**  )     **FILE NO. _____**
**CONSTRUCTION, LLC, and FEDERATED** )
**MUTUAL INSURANCE COMPANY,**   )
                                )

    **Defendants.**         )

### RULE 5.2 CERTIFICATE

I, John P. Webb, counsel for Plaintiff in the above-styled action, pursuant to U.S.C.R. 5.2(2), hereby certify that I did serve all parties with **Plaintiff's First Interrogatories, Request for Production of Documents and Request for Admissions to Defendant Iuliyan Damyan, Plaintiff's First Interrogatories, Request for Production of Documents and Request for Admissions to Defendant Damyan's Construction, LLC, Plaintiff's First Interrogatories, Request for Production of Documents and Request for Admissions to Defendant Federated Mutual Insurance Company,** and **Plaintiff's First Interrogatories, Request for Production of Documents and Request for Admissions to Unnamed Defendant Progressive Premier Insurance Company of Illinois** by delivering same to the respective Sheriff's Offices or process server for service with the Summons and Complaint for Negligence.

This 8th day of December, 2021.

                                Respectfully submitted,

                                _____
                                JOHN P. WEBB
                                Georgia State Bar No. 744349
                                Attorney for Plaintiff

**SMITH, WELCH, WEBB & WHITE, LLC**
280 Country Club Drive, Suite 300
Stockbridge, Georgia 30281
Phone: (770) 389-4864
Fax: (770) 389-5193
jwebb@smithwelchlaw.com

{Doc: 02911042.DOCX}