# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **CYNTHIA CORNELIUS,** v. **IULIYAN DAMYAN**, *et al.*, *Defendants.* | **CIVIL ACTION NO. 5:22-cv-00017-TES** |

## ORDER DENYING MOTION TO REMAND

Before the Court is Plaintiff Cynthia Cornelius' Motion to Remand [Doc. 8] her case arising from a vehicle collision back to the State Court of Bibb County, Georgia. [Doc. 8, p. 1].

Plaintiff is a resident of Bibb County, Georgia. [Doc. 1-2, ¶ 1]. As a resident of Minnesota, however, Defendant Iuliyan Damyan removed Plaintiff's case to this Court based on diversity jurisdiction.[1] [Doc. 1, ¶ 4]. In her Complaint [Doc. 1-2], Plaintiff alleges that she has incurred special damages in the amount of $28,956.09 for medical expenses and $16,760.00 for lost wages. [Doc. 1-2, ¶¶ 40–41]. In addition to those sums, she claims that she "is entitled to recover for the injuries and pain and suffering

---

[1] Defendant Damyan's Construction LLC is incorporated in Minnesota, and Defendant Federated Mutual Insurance Company has its "primary place of business" in Minnesota. [Doc. 1, ¶¶ 4, 11].

sustained" as well as "all other elements of damages allowed under Georgia law." [*Id.* at ¶ 42].

## DISCUSSION

### A. Legal Standard

Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). The removing defendant "bears the burden of proving that federal jurisdiction exists." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). If a plaintiff does not state a specific amount of damages in his complaint, removal is proper where it is *apparent from the face of the complaint* that the amount in controversy would exceed $75,000. *Id.* And, when the amount in controversy is not apparent from the face of the complaint, the Court may look to the notice of removal and may even request additional evidence regarding the amount in controversy. *Id.* To ascertain whether an action meets the amount-in-controversy jurisdictional requirement, the Court may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings" and should use "judicial experience and common sense," rather than "suspend reality." *Roe v. Michelin N. Am., Inc.*, 613 F3d 1058, 1061–62 (11th Cir. 2010) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754, 770 (11th Cir. 2010)). Finally, removal is generally unfavored; therefore, any "ambiguities are

generally construed against removal." *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998).

### B. Plaintiff's Motion to Remand [Doc. 8]

Neither Plaintiff nor Defendant Damyan dispute that the parties are diverse. Thus, the parties satisfy the diversity-of-citizenship requirement, and all that remains to be determined is whether Plaintiff's case also satisfies the amount-in-controversy requirement for federal diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

To guide district courts on this issue, the Eleventh Circuit unequivocally held that "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007).

Plaintiff argues that remand is appropriate because "Defendant has failed to show that the amount in controversy exceeds $75,000." [Doc. 8, p. 4]. Added together, the only calculable sum from the face of Plaintiff's Complaint amounts to $45,716.09. [*Id.*]; [Doc. 10, p. 3]. That leaves a gap of $29,283.92 to satisfy the amount-in-controversy threshold. *See* 28 U.S.C. § 1332(a). Given the Court's experience in these cases, Plaintiff's special damages amount ($45,716.09) in addition to her seeking compensatory damages and her contemplation of future medical expenses and potential punitive damages,

Defendants have met their burden of showing that this case meets the jurisdictional threshold. [Doc. 1-2, ¶¶ 24, 42]; *contra Premusca v. DKC Transp.*, No. 5:22-cv-00005-TES, 2022 WL 254341, at *3 (M.D. Ga. Jan. 26, 2022) (remanding case where plaintiff did not seek punitive damages and had only incurred $24,304.22 in medical expenses).

## CONCLUSION

Based on the foregoing, the Court finds that it has subject-matter jurisdiction over this case, and it **DENIES** Plaintiff's Motion to Remand [Doc. 8].

**SO ORDERED**, this 11th day of March, 2022.

                                                     S/ Tilman E. Self, III
                                                   **TILMAN E. SELF, III, JUDGE**
                                                   **UNITED STATES DISTRICT COURT**